2017 PA Super 30

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                               :               PENNSYLVANIA

              Appellee           :

                  v.                :

JONATHAN MICHAEL PROCTOR,      :

             Appellant      :        No. 168 WDA 2016

Appeal from the Judgment of Sentence December 21, 2015,
in the Court of Common Pleas of Potter County,
Criminal Division at No(s): CP-53-CR-0000249-2014

BEFORE: LAZARUS, SOLANO, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:         **FILED FEBRUARY 09, 2017**

Jonathan Michael Proctor (Appellant) appeals from the judgment of sentence imposed following his convictions for drug delivery resulting in death; flight to avoid apprehension, trial, or punishment; manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver; possession of a controlled substance; criminal conspiracy; and use or possession of drug paraphernalia. Upon review, we affirm.

On September 30, 2015, following a jury trial, Appellant was convicted of the aforementioned crimes stemming from an incident wherein Daniel Lowe (Lowe) died from an overdose after ingesting heroin that was provided to him by Appellant. Appellant was sentenced on December 21, 2015, to an aggregate term of 12 years and 10 months to 26 years and 10 months of incarceration.

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant filed post-sentence motions, which were denied. On January 22, 2016, Appellant filed a notice of appeal to this Court. On January 26, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After requesting and receiving an extension of time, Appellant filed his concise statement. The trial court issued its opinion pursuant to Pa.R.A.P. 1925(a) on April 28, 2016.

Appellant raises the following issues for our consideration:

I. Did the Commonwealth present insufficient evidence to support [Appellant's] conviction for drug delivery resulting in death?

II. Was [Appellant's] conviction for drug delivery resulting in death against the weight of the evidence?

III. Is 18 Pa.C.S. § 2506 unconstitutionally vague and does § 2506 violate due process pursuant to the United States and Pennsylvania Constitutions because the statute does not provide sufficient notice as to what conduct it criminalizes and the statute encourages arbitrary enforcement?

IV. Did the trial court err when the court instructed the jury the final element of drug delivery resulting in death is "that a person has died as a result of using the substance even if other substances were found in his system" and that … Lowe "died as a result of using the substance even though other substances were found in his system[]"?

V. Did the trial court err when the court denied defense counsel's request for a mistrial after the Commonwealth referred to [Appellant's] lack of remorse during [its] closing argument, thereby violating his right to remain silent?

VI. Did the sentencing court abuse its discretion when the court imposed an aggravated sentence for Appellant['s] conviction

for drug delivery resulting in death and then imposed two additional consecutive sentences?

VII. Does Appellant's sentence and § 2506 itself violate the Eighth Amendment's restriction against cruel and unusual punishment because Appellant was a drug addict and never intended to cause any loss of life and the statute permits severely disproportionate punishments of individuals tangentially involved in a drug overdose?

Appellant's Brief at 5 (unnecessary capitalization omitted).

We address together Appellant's first two issues, wherein he challenges the sufficiency and weight of the evidence to support his conviction for the offense of drug delivery resulting in death. In support of his sufficiency challenge, Appellant argues that the Commonwealth failed to prove that (1) he acted with reckless disregard to the likelihood of Lowe's death from injecting himself with heroin, and (2) Lowe's death was reasonably foreseeable to Appellant and thus Appellant's conduct was the legal cause of his death. Appellant's Brief at 20-32. Appellant argues that the jury's guilty verdict for drug delivery resulting in death is against the weight of the evidence because (1) he lacked any culpable *mens rea* concerning the likelihood of Lowe's death and it was the "product of a legally invalid prosecution theory" that no *mens rea* in that regard was required, and (2) the "overwhelming medical evidence" suggests that Appellant did not proximately cause Lowe's death. ***Id.*** at 32-34.

Notwithstanding Appellant's claims on appeal, our review of the record reveals that the only issues Appellant included in his Rule 1925(b) statement relating to sufficiency or weight of the evidence state as follows:

3. Was [Appellant's] conviction for drug delivery resulting in death against the weight of the evidence because the cause of [Lowe's] death was combined drug toxicity?

4. Did the Commonwealth present insufficient evidence to support [Appellant's] conviction for drug delivery resulting in death because the cause of [Lowe's] death was combined drug toxicity?

Appellant's Rule 1925(b) Statement, 4/25/2016, at 2 (unnecessary capitalization omitted).

As written, Appellant's issues fail to make any mention of a challenge with respect to the *mens rea* required or whether Lowe's death was reasonably foreseeable to Appellant.[1] Rather, Appellant's issues challenge the sufficiency and weight of the evidence only as it relates to the factual cause of Lowe's death (which, as alleged by Appellant, was combined drug toxicity). Indeed, in its Rule 1925(a) opinion, the trial court addressed Appellant's issues as challenging whether the verdict was against the weight of the evidence and whether the Commonwealth failed to present sufficient

---

[1] To be clear, this Court has held that, with respect to the crime of drug delivery resulting in death, the statute requires "but-for" causation in addition to requiring that "the results of the defendant's actions cannot be so extraordinarily remote or attenuated that it would be unfair to hold the defendant criminally responsible." ***Commonwealth v. Kakhankham***, 132 A.3d 986, 993 (Pa. Super. 2015) (internal quotation marks and citation omitted). Moreover, the "results from" element of Section 2506 has a *mens rea* requirement; the "death must be at least 'reckless.'" ***Id.*** at 995.

- 4 -

evidence "because [Lowe's] death was caused by combined drug toxicity as opposed to being caused solely by the heroine [*sic*] provided by [Appellant]." Trial Court Opinion (TCO), 4/28/2016, at 1-2.

A court-ordered concise statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "The Pennsylvania Supreme Court has explained that Rule 1925 is a crucial component of the appellate process, which is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1248 (Pa. Super. 2015) (internal quotation marks and citation omitted). Moreover, it is well-settled that "[i]issues that are not set forth in an appellant's statement of matters complained of on appeal are deemed waived." ***Commonwealth v. Perez***, 103 A.3d 344, 347 n.1 (Pa. Super. 2014) (citing Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.")).

Based on the foregoing, we conclude that Appellant has waived his sufficiency and weight challenges as presented on appeal,[2] as he did not

---

[2] In his sufficiency argument on appeal, Appellant also presents a separate claim that the trial court erred in relieving the prosecution of its burden to prove an element of the offense with respect to the requisite *mens rea*, which cannot be said to have been harmless error. Appellant's Brief at 25-27. Appellant likewise failed to raise any such issue in his Rule 1925(b)

specify them in his Rule 1925(b) statement and the trial court did not address them in its opinion. ***Commonwealth v. Reeves***, 907 A.2d 1, 2-3 (Pa. Super. 2006) (explaining that, from a reading of Reeves' Rule 1925(b) statement, "the trial court reasonably *thought* that Reeves was only complaining about the quantum of evidence, not the specific issue that SEPTA is not a 'person' under the terms of the statute" and concluding that "[b]ecause the specific issue as to whether SEPTA was a 'person' was not presented to the trial court to give [the trial court] a chance to address it in [its] opinion, the issue has been waived"); ***see also Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa. Super. 2013) (quoting ***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008) (stating "for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court")). Thus, he is not entitled to relief on those claims.

In his third issue, Appellant argues that, if we reject his sufficiency and weight challenges, then the drug delivery resulting in death statute is void for vagueness. Analysis of the constitutionality of a statute is a question of law and, thus, our standard of review is *de novo*. ***Commonwealth v. Kakhankham***, 132 A.3d 986, 990 (Pa. Super. 2015). "Our scope of review,

statement. Thus, any claim in this regard is waived as well. ***Perez***, 103 A.3d at 347 n.1; Pa.R.A.P. 1925(b)(4)(vii).

- 6 -

to the extent necessary to resolve the legal question[] before us, is plenary…" *Id.*

The offense of drug delivery resulting in death is defined as follows.

**(a) Offense defined.**--A person commits a felony of the first degree if the person intentionally administers, dispenses, delivers, gives, prescribes, sells or distributes any controlled substance or counterfeit controlled substance in violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, and another person dies as a result of using the substance.

18 Pa.C.S. § 2506(a) (footnote omitted).

In *Kakhankham*, this Court rejected a vagueness challenge to section 2506, explaining, in part, as follows:

The crime … consists of two principal elements: (i) [i]ntentionally administering, dispensing, delivering, giving, prescribing, selling or distributing any controlled substance or counterfeit controlled substance and (ii) death caused by ("resulting from") the use of that drug. It is sufficiently definite that ordinary people can understand what conduct is prohibited, and is not so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.

*Kakhankham*, 132 A.3d at 991-92 (footnote, citations, and some internal quotation marks omitted). The Court continued by concluding that Kakhankham's conduct in providing drugs to a person who died as a result of ingesting them was "precisely what the legislature intended to proscribe when it enacted Section 2506. Accordingly, Section 2506 is not unconstitutionally vague." *Id.* at 992.

In advancing his argument, Appellant contends that Lowe died not solely because of the heroin, but as a result of having already taken other drugs unbeknownst to Appellant. Appellant's Brief at 36-37. Appellant argues that, in light of these facts, the statute as applied fails to provide adequate notice "that engaging in criminal conduct, but conduct that does not generally cause death, can, in some rare and unlucky situations, be the source of criminal liability for the unforeseen and unforeseeable death of a third party." *Id.* (citation, internal quotation marks, and emphasis omitted).

> The ***Kakhankham*** Court observed that
>
> > [An appellant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law. In cases that do not implicate First Amendment freedoms, facial vagueness challenges may be rejected where an appellant's conduct is clearly prohibited by the statute in question.

*Id.* at 992 (internal quotation marks and citations omitted)).

Appellant's argument does not entitle him to relief under the facts of this case. Specifically, the Commonwealth offered expert testimony that, notwithstanding the other drugs in Lowe's system, the amount of heroin ingested by Lowe was a lethal dose. N.T., 9/29-30/2015, at 477-89 (Michael Coyer, forensic toxicologist, discussing one study wherein it was

found that a morphine[3] level "over 100 nanograms is lethal" and another study finding "between 41.3 and 145.7 nanograms" is a fatal range; testifying that the level of 160 nanograms of morphine herein is a lethal dose by itself; and opining that the "[c]ause of [Lowe's] death is [h]eroin[] overdose"); *see also id.* at 348, 350 (Kevin Dusenbury, Sr., coroner of Potter County, explaining that "[t]he level of the [h]eroin[] metabolite was a lethal level" and, when asked whether "[h]eroin[] in and of itself when you inject it is not lethal, correct?," answering, "It was in this case I believe."). Indeed, even Appellant's expert testified that the dose of heroin herein was "potentially fatal." *Id.* at 419, 428-49, 435, 437, 439-40 (Dr. Bill Manion explaining that the level of morphine in this case "could cause, can cause death" and "is potentially fatal"); *see also id.* at 452, 460 (Commonwealth witness Dr. Eric Vey, forensic pathologist, testifying that the level of morphine in this case is "a potentially lethal level"). Clearly, it is foreseeable that, if you give a person a lethal dose—or even a potentially lethal dose—of heroin, that person could die. Thus, as applied to Appellant, section 2506 is not vague.[4]

---

[3] "Heroin[] technically is called diacetyl morphine." N.T., 9/29-30/2015, at 470; *see also id.* at 423 (explaining that morphine is the active ingredient in heroin).

[4] Appellant also contends that the statute encourages arbitrary enforcement as exemplified by this case, as the person who sold the heroin to Appellant was not prosecuted with causing Lowe's death. Appellant's Brief at 37. We are unpersuaded that Appellant has met his "heavy burden" to show that the

In his fourth issue, Appellant challenges a portion of the jury instructions provided by the trial court.

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014) (quoting *Commonwealth v. Trippett*, 932 A.2d 188, 200 (Pa. Super. 2007)).

Moreover, "it is not improper for an instructing court to refer to the facts and/or the evidence of the case when giving a charge." *Commonwealth v. Meadows*, 787 A.2d 312, 318 (Pa. 2001).

> On one hand, the trial court must frame the legal issues for the jury and instruct the jury on the applicable law, while on the other hand, it must not usurp the power of the jury to be sole judge of the evidence. Plainly, these principles may conflict with each other, for in order to instruct the jury on the law the court may have to refer to the evidence. The proper balance to be struck will depend heavily on the facts and circumstances of each case. However, some general guidelines have been formulated. Thus the court may not comment on, or give its opinion of, the guilt or innocence of the accused. Nor may it state an opinion as to the credibility of witnesses, nor remove

---

statute encourages arbitrary enforcement simply based on Appellant's representation that the person who supplied the heroin to Appellant was not charged in this case. *See Kakhankham*, 132 A.3d at 991 ("[T]he party challenging a statute's constitutionality bears a heavy burden of persuasion." (citation omitted)).

- 10 -

from the jury its responsibility to decide the degree of culpability. However, the court may summarize the evidence and note possible inferences to be drawn from it. In doing so, the court may "....express [its] own opinion on the evidence, including the weight and effect to be accorded it and its points of strength and weakness, providing that the statements have a reasonable basis and it is clearly left to the jury to decide the facts, regardless of any opinion expressed by the judge."

*Id.* (citations omitted) (quoting *Commonwealth v. Leonhard*, 485 A.2d 444, 444 (Pa. Super. 1984)).

Appellant takes issue with the following specific instruction relating to the causation element of the crime of drug delivery resulting in death:

And fourthly, that a person has died as a result of using the substance even if other substances were found in his system. I will say that again because that seemed to be [a] point of contention. He died as a result of using the substance even though other substances were found in his system.

N.T., 9/29-30/2015, at 641. Appellant argues that the above instruction improperly suggested that the jury should reach the conclusion that, despite Appellant's defense that the cause of death was combined drug toxicity and not just Lowe's act of injecting himself with heroin, Lowe died as a result of using the heroin even though other substances were found in his system. Appellant's Brief at 39. Appellant contends that this usurped the role of the jury and improperly expressed an opinion as to the existence of facts to support an element of the offense, warranting a new trial. *Id.* at 39. Appellant further contends that the instruction "completely ignore[d] the

- 11 -

proximate causation requirement imposed by the law, and [wa]s a direct command to the jury to reject [Appellant's] defense." *Id.* at 39-40.

Preliminarily, we observe that counsel did not lodge a contemporaneous objection to the trial court's instruction. N.T., 9/29-30/2015, at 641. Moreover, the trial court asked counsel if there were "any questions regarding the charges" after instructing the jury on them, and later asked if counsel had "anything further before release [*sic*] the jury." *Id.* at 650, 656. Appellant's trial counsel did not respond in either instance. This Court has held that "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." *Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010) (internal citations omitted) ("Generally, a defendant waives subsequent challenges to the propriety of the jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary"); *Commonwealth v. McCloskey*, 835 A.2d 801, 812 (Pa. Super. 2003) (finding claims concerning jury instructions waived because McCloskey "did not object to the instructions at the time they were made and, further, did not mention the alleged errors at the close of the jury charge when the court specifically asked both parties if they were satisfied"). Thus, Appellant's claim is waived.

Assuming *arguendo* that Appellant had not waived his claim, we would

reject it on the merits. The trial court explained that the instruction

> was necessary to avoid jury confusion in this case as the defense had routinely drawn attention to the fact that other drugs were present in [Lowe's] body when he died and that the cause of death was combined drug toxicity. The … instruction given at trial clarified that despite any defense assertions otherwise, the test for the final element of the offense is one of "but-for" causation.

TCO, 4/28/2016, at 3.

As explained by the trial court, the **Kakhankham** Court held that the

statute "requires a 'but-for' test of causation." **Kakhankham**, 132 A.3d at

993. In so doing, it noted that a defendant's "conduct need not be the only

cause of the victim's death in order to establish a causal connection" and

that "[c]riminal responsibility may be properly assessed against an individual

whose conduct was a direct and substantial factor in producing the death

even though other factors combined with that conduct to achieve the

result."[5] **Id.** at 993 n.8 (quoting **Commonwealth v. Nunn**, 947 A.2d 756,

760 (Pa. Super. 2008)). In light of the foregoing, we discern no error in the

portion of the jury instruction challenged above. **See Meadows**, 787 A.2d

at 318-19 (concluding that "the trial court's instruction properly informed the

---

[5] To the extent Appellant argues that the instruction ignored the proximate cause requirement of causation, we note that Appellant did not include a challenge to the instructions with respect to proximate causation in his Rule 1925(b) statement. Thus, this claim is waived on this basis as well. **Perez**, 103 A.3d at 347 n.1; Pa.R.A.P. 1925(b)(4)(vii); **Lincoln**, 72 A.3d at 610.

jury of the law and, while noting certain facts of record, left the ultimate determination of the facts to the jury").

Appellant next argues that "the [t]rial [c]ourt erred when it refused to grant a mistrial after the [Commonwealth] argued that the jury should consider the fact that [Appellant] expressed no remorse during the trial as evidence of his guilt." Appellant's Brief at 41. Appellant contends that the "prosecutor improperly suggested that the jury should use [Appellant's] decision [not to] testify as substantive evidence of guilt by imploring them, in his final substantive comment in closing argument, to consider whether they had 'seen one ounce of remorse' from [Appellant] through the trial." *Id.* at 41-42; *see* N.T., 9/29-30/2015, at 624 ("Have any of you during the facts of this case or observing [Appellant] these last 3 days have any of you seen one ounce of remorse? Have any of you seen one ounce of remorse?"). Appellant contends that the comment could only be relevant for the improper purpose of implying that Appellant lacked remorse because he had not testified in his own defense, and the trial court's handling of the comment by failing to give an immediate limiting instruction and instead simply giving general instructions regarding Appellant's right to remain silent did not remedy the harm that was caused. *Id.* at 42-43.

> Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one.

- 14 -

> [A] prosecutor's arguments to the jury are [generally] not a basis for the granting of a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict.
>
> A prosecutor must have reasonable latitude in fairly presenting a case to the jury and must be free to present [his] arguments with logical force and vigor. The prosecutor is also permitted to respond to defense arguments. Finally, in order to evaluate whether the comments were improper, we do not look at the comments in a vacuum; rather we must look at them in the context in which they were made.

*Commonwealth v. Solomon*, 25 A.3d 380, 383 (Pa. Super. 2011) (internal quotation marks and citations omitted).

Appellant's claim does not entitle him to relief. First, we disagree that the Commonwealth's brief comments in this regard implied that Appellant lacked remorse because he had not testified in his own defense. *Commonwealth v. Fletcher*, 861 A.2d 898, 918 (Pa. 2004) (concluding that the prosecutor did not improperly comment on Fletcher's lack of remorse, explaining that the comments "did not inappropriately implicate [Fletcher's] constitutional right to remain silent," as "the prosecutor in no way inferred or implied that [Fletcher] had a duty to testify. Instead, the prosecutor explicitly limited his remorse comments to [Fletcher's] non-verbal demeanor and behavior during trial and on the morning of the murders"); *Commonwealth v. Robinson*, 864 A.2d 460, 519 (Pa. 2004) (explaining

- 15 -

that the prosecutor's "brief statement … did not contain a direct reference to the fact that [Robinson] did not testify during the trial"). Second, this Court has held that references to a defendant's lack of remorse is not improper. *Commonwealth v. Tillia*, 518 A.2d 1246, 1254 (Pa. Super. 1986) (rejecting Tillia's contention that the trial court permitted the prosecutor to make improper comments during closing argument regarding Tillia's lack of remorse, explaining that "[w]hether or not [Tillia] expressed remorse is irrelevant to the determination of guilt").

Finally, prior to closing statements, the trial court instructed the jury that Appellant "did not have to call any witnesses either through his own testimony or other witnesses and that is his constitutional right. You should make no inference whatsoever concerning that decision." N.T., 9/29-30/2015, at 585; *see also id.* at 494 ("Again, [Appellant] does not have to offer any evidence whatsoever. If they decide to offer nothing that's appropriate, you cannot use against them that fact. So we'll see when [the] appropriate time comes whether or not they want to present any evidence. Of course [Appellant] does not have to testify, that's his constitutional right and again you should not make any inference if he decides not to testify."). Following closing arguments, the trial court instructed the jury that

> [a] person accused of a crime is not required to present any evidence or to prove anything in his own defense. He doesn't have to call any witnesses. Any reference that he didn't call a witness is immaterial to your consideration. You are not to give any thought as to or any inference as to whether he didn't call

- 16 -

any witnesses, that is [not] his responsibility. His responsibility is to not present anything in his own defense if he so wishes.

*Id.* at 633. The trial court also instructed that closing statements are not evidence, *id.* at 585, and that the jurors "should not base [their] decision on which attorney made the better speech or which attorney [they] like better that should not play any part in [their] decision." *Id.* at 632. As "[j]uries are presumed to follow a court's instructions," *Commonwealth v. Mollett*, 5 A.3d 291, 313 (Pa. Super. 2010), Appellant's claim fails. *See also Robinson*, 864 A.2d at 519-20 (explaining that the trial court's specific instruction that "[i]t is entirely up to the defendant whether to testify and you must not draw any adverse inference from his silence … more than adequately cured any ill effect of this fleeting comment that … did not even contain a direct reference to [Robinson's] exercise of his Fifth Amendment right").

In his sixth claim of error, Appellant contends that the sentencing court abused its discretion by imposing an aggravated sentence for his conviction for drug delivery resulting in death in addition to consecutive sentences for other convictions.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue

> was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Instantly, Appellant timely filed a notice of appeal, challenged the discretionary aspects of his sentence in his post-sentence motion, and included a statement pursuant to Rule 2119(f) in his brief. Thus, we now consider whether he has raised a substantial question worthy of appellate review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin*, 65 A.3d at 935 (citation and internal quotation marks omitted).

In his Rule 2119(f) statement, Appellant contends that he raises a substantial question in that "[t]he sentencing court did not place any valid

reasons on the record pursuant to 42 [Pa.C.S.] § 9721(b) to justify the imposition of an aggravated sentence." Appellant's Brief at 19. "The failure to set forth adequate reasons for the sentence imposed has been held to raise a substantial question." *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009). Thus, we proceed to the merits.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Appellant contends that the trial court did not give adequate reasons for its sentence. Specifically, the "trial court's sentence was unreasonable … because it failed to account for any of the mitigating factors and imposed the same sentence it would have had none been present." Appellant's Brief at 45. Appellant specifically references his genuine remorse, his severe addiction to heroin and inability to attend a rehabilitation program despite numerous attempts, and Appellant's mother's testimony at the sentencing hearing that she had tried to help Appellant receive treatment but had not been able to because they lacked money and insurance coverage. *Id.* Appellant argues that, instead of accounting for these factors, the court

"simply determined that … Lowe's resulting death, even if accidental and unforeseen by [Appellant], warranted the maximum sentence," which represents a misunderstanding concerning the elements of the offense of drug delivery resulting in death and presents a profound unfairness. **Id.** Appellant further argues that "[e]ven if the court were correct concerning the legal requirements for liability, certainly the fact that … Lowe's death was an unforeseeable accident bears some mitigation." **Id.**

With respect to the mitigating factors Appellant sets forth above, the court heard testimony at the sentencing hearing from both Appellant and Appellant's mother, as well as argument from Appellant's counsel, regarding Appellant's severe addiction to heroin, his attempts at getting treatment, his remorse, and his lack of intent. N.T., 12/21/2015, at 9-25. Finally, the trial court had the benefit of a presentence investigation report (PSI). **See Commonwealth v. Downing**, 990 A.2d 788, 794 (Pa. Super. 2010) ("Our Supreme Court has determined that where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). In sentencing Appellant, the trial court explained that it considered, *inter alia*, "the [PSI] and evidence that's been presented" at the hearing.[6] **Id.** at 69. Based on the foregoing,

---

[6] Although the trial court offered reasons for its sentence in generic terms, we note that the evidence included, *inter alia*, testimony regarding

Appellant's arguments do not persuade us that the trial court abused its discretion in imposing sentence. The court did consider the above mitigating factors, and simply did not accord them the weight Appellant wished it did. *See Commonwealth v. Raven*, 97 A.3d 1244, 1255 (Pa. Super. 2014) (in rejecting Raven's discretionary aspects of sentencing claim, explaining that "[t]he gist of Raven's argument is not that the court failed to consider the pertinent sentencing factors, but rather that the court weighed those factors in a manner inconsistent with his wishes" and that "the court carefully considered all of the evidence presented at the sentencing hearing"). No relief is due.

In his final issue, Appellant argues that his sentence and section 2506 violate the Eighth Amendment's restriction against cruel and unusual punishment. Appellant argues that his aggregate sentence is disproportionate to his culpability, as he had no idea that giving Lowe heroin would result in Lowe's death and his conduct does not reflect any particular depravity or callousness. Appellant's Brief at 47. Appellant argues that this was a tragic accident resulting from his drug addiction, which shows that he

---

Appellant's delivery of heroin to another individual at the scene of the death during the period of time in which Lowe was unresponsive. N.T., 12/21/2015, at 52. *See also* N.T., 9/29-30/2015, at 243-46 (testimony of Jacob Blass explaining that he had given Appellant money to buy heroin earlier in the day of Lowe's death and that, later that night, he contacted Appellant to make sure Appellant had obtained the heroin, at which point Appellant said Lowe was unresponsive; Blass went to the scene and, while Lowe was unresponsive, Appellant delivered two bags of heroin to Blass).

is "less culpable because his conduct was the product of impaired judgment and the simple failure to appreciate risks," and demonstrates his capacity to be rehabilitated. *Id.*

We address Appellant's claim mindful of the following.

All properly enacted statutes enjoy a strong presumption of constitutionality.

> Accordingly, a statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution. All doubts are to be resolved in favor of finding that the legislative enactment passes constitutional muster. Thus, there is a very heavy burden of persuasion upon one who challenges the constitutionality of a statute.

Appellate review of constitutional challenges to statutes, disputes over the legality of a sentence, a court's application of a statute, and general questions of law involve a plenary scope of review. As with all questions of law, the appellate standard of review is *de novo.* ...

***

> The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences which are grossly disproportionate to the crime. In ***Commonwealth v. Spells***, [] 612 A.2d 458, 462 ([Pa. Super.] 1992) (*en banc*), the Superior Court applied the three-prong test for Eighth Amendment proportionality review set forth by the United States Supreme Court in ***Solem v. Helm***, 463 U.S. 277, 292[] (1983), and determined that a five-year mandatory minimum sentence for offenses committed with a firearm does not offend the Pennsylvania constitutional prohibition against cruel punishments. The ***Spells*** court observed that the three-prong ***Solem*** proportionality test examines: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other

- 22 -

jurisdictions." The **Spells** court correctly observed that a reviewing court is not obligated to reach the second and third prongs of the test unless "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."[4]

> [4] Justice Kennedy's understanding of the first prong of the **Solem** test as a threshold hurdle in establishing an Eighth Amendment violation has been recently cited with approval by the High Court as well. "A court must begin by comparing the gravity of the offense and the severity of the sentence." In the "rare case" in which this threshold comparison leads to an inference of gross disproportionality, the reviewing court "should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." "If this comparative analysis 'validate[s] an initial judgment that [the] sentence is grossly disproportionate,' the sentence is cruel and unusual."

**Commonwealth v. Colon-Plaza**, 136 A.3d 521, 530-31 (Pa. Super. 2016) (some citations and internal quotation marks omitted).

Herein, Appellant was convicted of several crimes stemming from his providing Lowe with a dose of heroin that resulted in Lowe's death. Appellant was sentenced to a term of incarceration of 10 years to 20 years, 10 months for his drug-delivery-resulting-in-death conviction, and an aggregate sentence of 12 years and 10 months to 26 years and 10 months of incarceration. In light of the gravity of the offense(s) at issue, most importantly the death of a young man, and the severity of the sentences imposed, we conclude that this is not a "rare case" in which this threshold

comparison leads to an inference of gross disproportionality. Thus, Appellant's claim is without merit.

Based on the foregoing, Appellant has failed to establish that he is entitled to relief. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judge Lazarus joins.

Judge Solano concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2017