J-S39022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WILLIAM JEROME CAMPBELL | |
| | No. 1525 WDA 2016 |

Appeal from the Judgment of Sentence August 16, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003319-2015

BEFORE:  BENDER, P.J.E., BOWES AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                       **FILED July 3, 2017**

William Jerome Campbell appeals from the judgment of sentence of eleven to twenty-two years incarceration, plus three years probation imposed after he pled guilty to one count each of robbery, possession of an instrument of crime, simple assault, theft by unlawful taking, and terroristic threats.  We affirm.

On September 23, 2015, Appellant exploited the kindness of a stranger, Marshall Breedlove, the victim herein.  At some point during the day, Appellant asked Mr. Breedlove for money.  Mr. Breedlove provided Appellant with ten dollars and a coffee.  Later that same day, after using crack cocaine, Appellant gained entry to Mr. Breedlove's home under the false pretense that he needed to use the bathroom.  After infiltrating the

_____
* Retired Senior Judge assigned to the Superior Court.

house, Appellant, wielding a knife, attacked Mr. Breedlove. Appellant forced the victim onto a couch and demanded money. During the ensuing struggle, Mr. Breedlove sustained knife wounds to his hand and neck.

On July 6, 2016, Appellant entered an open guilty plea to the aforementioned offenses. The court withheld sentencing pending a pre-sentence investigation report. After receiving that report, the court imposed a sentence of ten to twenty years for robbery, and imposed consecutively a sentence of one to two years for terroristic threats and three years probation for possessing an instrument of crime. Hence, with the application of the deadly weapons enhancement, Appellant received an aggregate standard range sentence of eleven to twenty-two years incarceration followed by three years probation.

Appellant filed a timely petition for reconsideration alleging that the sentence was manifestly excessive and that the court failed to adequately consider certain mitigating factors. The court denied the post-sentence motion and Appellant filed a timely notice of appeal. Appellant and the trial court complied with the directives of Pa.R.A.P. 1925, and thus, this matter is now ready for our review.

Appellant raises one question for our consideration: "Did the Sentencing Court commit an abuse of discretion when it imposed a minimum sentence for robbery and a consecutive sentence for terroristic threats that

were manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" Appellant's brief at 8.

The following principles are relevant to our review. At the outset, we observe that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa.Super. 2017) (citation omitted). Further, "an abuse of discretion is not shown merely by an error in judgment[, but rather,] the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id*.

As it pertains to this matter, "there is no absolute right to appeal when challenging the discretionary aspects of a sentence." *Commonwealth v. Smith*, 151 A.3d 1100, 1103 (Pa.Super. 2016) (citation omitted). Rather, such a challenge is considered a petition for allowance of appeal. *Commonwealth v. Hicks*, 151 A.3d 216, 226 (Pa.Super. 2016). In order to invoke this Court's jurisdiction, an appellant must satisfy a four-part test. That test requires us to determine:

> (1) whether appellant has filed a timely notice of appeal;
> (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect under Pa.R.A.P. 2119(f); and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*.

Here, Appellant filed a timely notice of appeal and a timely petition for reconsideration of his sentence. Appellant also attached a Rule 2119(f) concise statement of reasons relied upon for allowance of appeal to his brief. Hence, we need only consider whether he has raised a substantial question that his sentence was inappropriate under the sentencing code.

We determine whether an appellant has proposed a substantial question on a case-by-case basis. *Commonwealth v. Popielarcheck*, 151 A.3d 1088, 1093 (Pa.Super. 2016). Moreover, a "substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id*. (citation omitted).

Appellant purports to present a two-front assault upon the discretionary aspects of his sentence. First, he asserts that his sentence was manifestly excessive and clearly unreasonable since the court did not properly consider the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. Second, Appellant alleges that the court failed to adequately consider certain mitigating circumstances, namely, his

remorse, substance abuse history, prior non-violent convictions, cooperation with police, and the non-life threatening injuries sustained by the victim.

Instantly, although Appellant argues that his sentence was excessive because the court failed to appropriately consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and Appellant's rehabilitative needs, which may raise a substantial question, his argument does not proceed along these lines. Rather, Appellant proffers this allegation merely as a disguise for his true contention that the court failed to properly weigh certain mitigating factors. Ultimately, his conclusion that that the sentence was excessive and unreasonable is premised upon the court's alleged failure to weigh certain factors that inure to a lighter sentence in Appellant's favor. For example, Appellant suggests that his sentence is unreasonable because Appellant gave a "genuine expression of remorse, accepted responsibility by pleading guilty, and had a very dated criminal history."[1] Appellant's brief at 15. We find this does not raise a substantial question for our review.

_____

[1] Further, the sentencing court had the benefit of a pre-sentence investigation report and expressly discussed the seriousness of Appellant's offense and the impact it had on Mr. Breedlove. N.T. Sentencing, 8/16/16, at 13-14; *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa.Super. 2016) (observing, "where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors." *(Footnote Continued Next Page)*

When determining whether a substantial question exists, we focus on the substance of the argument presented and not on bald assertions that the sentencing court failed in a particular fashion. Appellant's masquerade has not presented a colorable argument that the sentencing judge's actions were inconsistent with a specific provision of the sentencing code or contrary to the fundamental norms which underlie the sentencing process. *Popielarcheck*, *supra*. Indeed, we have long held that a claim that the court did not give proper consideration to mitigating factors does not raise a substantial question. *Commonwealth v. Kane*, 10 A.3d 327, 335-226 (Pa.Super. 2010) (noting, "[t]hat claim, that the court gave inadequate consideration to certain mitigating factors, does not raise a substantial question."). Hence, we will not reach the merits of this appeal.

Judgment of sentence affirmed.

_(Footnote Continued)_ ————————————

citing *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa.Super. 2013)). Moreover, Appellant presented the mitigating factors at issue herein before the sentencing court, and the court discussed them in rendering his sentence. *See* N.T. Sentencing, 8/16/16, at 8-10, 13-14. Thus, the record reveals that the sentencing court did properly consider the relevant statutory factors, *see* 42 Pa.C.S. § 9721(b), and weighed those factors which mitigated in favor of a lighter sentence. Hence, even if Appellant raised a substantial question, he would not be entitled to relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/2017