J-S31028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                            :                 PENNSYLVANIA
                                            :
            v.                              :
                                            :
                                            :
                                            :
KHIRY QUARLES                              :
                                            :
            Appellant                       :     No. 1731 EDA 2021

Appeal from the Judgment of Sentence Entered August 6, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001798-2020


BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 08, 2022**

Appellant Khiry Quarles appeals from the judgment of sentence imposed following a bench trial at which he was convicted of two counts of criminal attempt and one count of simple assault.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court summarized the relevant facts underlying Appellant's convictions as follows:

> On July 21, 2019, Appellant attacked the complainant, Ms. Hye Yun-Sohn, and attempted to rob her [of her] backpack and cell phone.
>
> Ms. Yun-Sohn testified that she was walking near the intersection of 15th Street and Susquehanna Avenue in Philadelphia when she

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901 and 2701, respectively.  The crimes underlying the attempt charges were robbery (18 Pa.C.S. § 3701), and theft (18 Pa.C.S. § 3921).

encountered Appellant. Ms. Yun-Sohn stated that she walked past Appellant, who had been walking in the same direction. As soon as she overtook Appellant, he grabbed her from behind by the shoulder straps of her backpack and violently shook her. Appellant then forcefully dragged Ms. Yun-Sohn backward across the ground. He demanded that Ms. Yun-Sohn give him her cell phone. Ms. Yun-Sohn refused to let go of her backpack and did not give her phone to Appellant. Appellant ultimately let go of Ms. Yun-Sohn's backpack and walked away.

After the incident, Ms. Yun-Sohn called the police. She subsequently identified Appellant as her assailant after reviewing photos and surveillance footage of the area. Ms. Yun-Sohn's fingers and arms were bloodied and she suffered cuts and bruises as a result of the attack.

Trial Ct. Op., 12/27/21, at 1-2 (formatting altered).

On April 5, 2021, the trial court convened a bench trial. At the conclusion of trial, the trial court convicted Appellant of attempted robbery, attempted theft, and simple assault. However, the trial court acquitted Appellant of recklessly endangering another person.[2] On July 26, 2021, the trial court sentenced Appellant to three to six years of incarceration on the attempted robbery charge, and it imposed a sentence of no further penalty on the remaining charges. Order, 7/26/21.

Appellant filed a timely post-sentence motion for reconsideration of sentence challenging the discretionary aspects of his sentence and arguing that his sentence was illegal on the basis of merger. *See* Mot. for Reconsideration, 8/2/21, at 1-2. On August 6, 2021, the trial court granted Appellant's motion in part and denied it in part. *See* Order, 8/6/21, at 1. The

_____

[2] 18 Pa.C.S. § 2705.

trial court denied Appellant's motion for reconsideration regarding the discretionary aspects of the sentence concerning the duration of the sentence for attempted robbery. *Id.* However, the court granted relief on the merger issue, and it re-sentenced Appellant to a term of three to six years of incarceration for attempted robbery and ordered that the remaining convictions merged with the attempted robbery conviction for purposes of sentencing. *Id.*

Appellant filed a timely appeal on August 20, 2021. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for our review:

> Did not the sentencing court violate the requirements of 42 Pa.C.S. § 9721(b) of the Sentencing Code which states that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant, as the lower court seemed to exclusively focus on [A]ppellant's criminal conduct rather than his rehabilitative needs, mitigating circumstances or mental health status?

Appellant's Brief at 4.

Appellant's claim presents a challenge to the discretionary aspects of his sentence. Appellant contends that the trial court's imposition of a three-to-six-year sentence of incarceration was an abuse of discretion where the court failed to give individualized consideration to his personal history, rehabilitative needs, and background, without explaining how the sentence was the least restrictive sentence possible to protect the community and serve his own

rehabilitative needs. Appellant's Brief at 14. Specifically, Appellant points to his traumatic childhood, birth defects, mental health issues, and drug addiction. *See id.* at 18.

It is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test [to determine]:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Instantly, Appellant preserved his sentencing claims in a post-sentence motion, filed a timely appeal, and included a Pa.R.A.P. 2119(f) statement in his brief. *See id.* Further, we conclude that Appellant has presented a substantial question for review. *See*, *e.g.*, *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (holding that an excessive sentence claim in conjunction with an assertion that the court failed to consider mitigating

factors raises a substantial question).  Accordingly, we will address Appellant's

appeal on the merits.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §§ 9781(c) and (d).  Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

- 5 -

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Raven***, 97 A.3d at 1253-54 (some citations omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." ***Id.*** at 848 (citation omitted). Further, "[w]here the sentencing judge had the benefit of a [PSI], it will be presumed that he was aware of relevant information regarding [the defendant's] character and weighed those considerations along with the mitigating statutory factors." ***Id.*** at 849-50 (citation omitted).

At the sentencing, the trial court stated its reasoning as follows:

Back on July 26th of 2021, after considering [Appellant's] presentence investigation and all the relevant statutory factors, such as [Appellant's] prior record, the Pennsylvania sentencing guidelines and the need for the safety and protection of the general public, and the impact that these crimes had on the victim, along with considering the rehabilitative needs of [Appellant,] this [c]ourt sentenced [Appellant] to three to six years [of] imprisonment on the attempted robbery bill . . . .

N.T. Sentencing, 8/6/21, at 4-6. In its Rule 1925(a) opinion, the trial court further explained:

Prior to imposing sentence in the instant case, the court thoroughly reviewed Appellant's pre-sentence investigation (PSI)

- 6 -

[report], background and criminal history. The court also considered the statutory factors required, the need for the safety and protection of the public and community, the impact of the crime on the victim and the rehabilitative needs of Appellant.

Appellant had a difficult childhood. He also had an extensive criminal history, including a record of violent crimes. Appellant had prior convictions for burglary, escape, and robbery, graded as a felony of the first degree, and violations of the Uniform Firearms Act. He was on parole when he committed the offenses in the instant matter. Additionally, Appellant had numerous disciplinary infractions during his time in jail from 2016-2020, all of which showed non-compliance with the rehabilitative process. The court considered the evidence and arguments presented at both the trial and sentencing hearing. This included Appellant's allocution testimony, which the court did not find persuasive. While Appellant claimed to accept responsibility for his actions, he blamed the incident on "self-medicating" and "bad drugs." Appellant dragged a much smaller unsuspecting woman down the street in an attempt to steal her backpack. The victim was traumatized by the attempted robbery and suffered physical injuries. Finally, the court considered the [Pennsylvania] sentencing guidelines. The offense gravity score (OGS) for Robbery, graded as a felony of the second degree, was 7. Appellant's prior record score (PRS) was RFEL. The recommended guideline sentencing range was 35-45 months +/- 6 months.

The sentence imposed by the court—three (3) to six (6) years in state prison—was toward the low end of the standard sentencing range of 35-45 months, and the court clearly stated the reasons for imposing such sentence on the record.

Trial Ct. Op. at 4-5 (formatting altered).

Based on our review of the record, we conclude that Appellant is due no relief. The trial court reviewed the PSI report prior to sentencing and was aware of Appellant's rehabilitative needs, his traumatic childhood, his mental illness, and his issues with drugs and addiction. *See Fullin*, 892 A.2d at 849-50 (explaining that when the trial court had the benefit of a PSI report, we

may presume it was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating factors). The trial court also considered the relevant sentencing factors, the Sentencing Guidelines, and stated its reasons for the sentence imposed. *See id.* at 848. As noted, Appellant had an extensive prior criminal record including convictions for violent felonies including robbery, and he was on parole at the time of the instant offense. *See* Trial Ct. Op. at 5. In addition to considering other relevant information, including mitigating factors, the trial court considered Appellant's criminal history, and explained that Appellant's prior record score was repeat felony one and felony two offender (RFEL), and noted that the offense gravity score in the instant case was seven. *See id.* The trial court then sentenced Appellant at the lower end of the standard range of the Sentencing Guidelines. On this record, we discern no abuse of discretion. *See Raven*, 97 A.3d at 1253. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *12/8/2022*