J-A21014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                              :             PENNSYLVANIA
                                                               :

                 v.                                    :
                                                                      :
                                                                      :

NIKKI LEE SMITH                              :
                                                                   :
                    Appellant               :      No. 1496 MDA 2024

Appeal from the Judgment of Sentence Entered July 24, 2024
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000339-2023

BEFORE:    PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:           **FILED: SEPTEMBER 15, 2025**

Nikki Lee Smith appeals from the judgment of sentence imposed on July 24, 2024, after he pled guilty to drug delivery resulting in death.[1] Smith challenges the discretionary aspects of the sentence imposed. After careful review, we affirm.

The following facts are obtained from the certified record.[2] On December 13, 2022, John Smith ("Victim") was found deceased. Upon investigation, it was discovered Victim died of a drug overdose, specifically "mixed substance toxicity of [f]entanyl and [m]orphine." Affidavit of Probable Cause, 3/2/23, at

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2506(a).

[2] The transcript of Smith's guilty plea hearing is not included in the certified record.

1. Police recovered and searched Victim's cell phone, which showed text messages with Smith. Smith told police he sold the drugs to Victim's brother knowing Victim was in the car. However, police discovered Victim's brother was incarcerated at the time and could not have been in the car. Further investigation revealed Victim purchased the drugs directly from Smith.

The trial court set forth the relevant procedural history:

On March 2, 2023, [Smith] was charged by criminal complaint with one count of drug delivery resulting in death, one count of involuntary manslaughter, and one count of possession with intent to deliver. A jury trial was scheduled for May 20, 2024.

On May 20, 2024, [Smith] entered a guilty plea to one count of drug delivery resulting in death prior to the commencement of trial. [Smith's] plea was open. Sentencing was deferred to July 24, 2024 to allow time for the preparation of a presentence investigative report ("PSI") and submission of presentence memoranda.

At the time of sentencing on July 24, 2024, the victim's mother provided a statement to the court and the Commonwealth called Trooper Lindsay Trace of the Pennsylvania State Police to testify in support of the Commonwealth's requested sentence. The court heard from [Smith]. [The court] also heard argument from the Commonwealth and [Smith's] counsel.

[Smith] was sentenced to a period of incarceration in a state correctional institute of not less than 186 months nor more than 400 months, to run consecutive to the sentence imposed in [another, unrelated case].

On August 5, 2024, [Smith] timely filed a motion to modify sentence ("motion"), and requested his sentence be modified to within the standard range, averring that the exhibits presented at sentencing contradicted the testimony offered by the Commonwealth's witnesses. [Smith's] motion was denied.

[Smith] timely filed the instant notice of appeal. Thereafter, [the trial court] directed [Smith] to file a concise statement of matters

complained of on appeal. On November 4, 2024, [Smith] timely filed his concise statement of matters complained of on appeal.

Trial Court Opinion, 12/11/24, at 1-2 (unnecessary capitalization, italics, record citations, and footnotes omitted).

Smith raises one question for our review: "Whether the trial court abused its discretion when it sentenced [Smith] to a sentence of 186 months to 400 months in a [s]tate [c]orrectional [i]nstitution without proper justification for such a sentence?" Appellant's Brief, at 9.

This is a challenge to the discretionary aspects of the sentence imposed. As such, Smith is not entitled to review of this claim as of right. ***See Commonwealth v. Verma***, 334 A.3d 941, 946 (Pa. Super. 2025) ("Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right.") (brackets and citation omitted). Smith must meet a four-part test before we review the merits of his claim. Specifically, we must determine:

> (1) whether the appeal is timely; (2) whether [Smith] preserved his issues; (3) whether [Smith's] brief includes a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Id.*** (brackets and citation omitted). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion." ***Id.*** (citation omitted).

Smith filed his appeal timely, preserved his issue in a post-sentence motion seeking modification of his sentence, and has included a Rule 2119(f) statement in his brief. We therefore determine whether Smith has raised a substantial question for our review.

This Court has explained:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (quotation marks and citations omitted).

Smith asserts the trial court did not provide sufficient reasons for the sentence imposed and the sentence is contrary to the fundamental norms underlying the sentencing process because the court failed to consider Smith's history and circumstances. *See* Appellant's Brief, at 12-14. "The failure to set forth adequate reasons for the sentence imposed has been held to raise a substantial question." *Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (citation omitted). We therefore find Smith raised a substantial question for our review and turn to the merits of his claim.

We begin with our well-established standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A.] § 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the guidelines and the sentence is unreasonable.

42 Pa.C.S.[A.] § 9781(c).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation (PSI).
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.[A.] 9781(d).

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.[A.] 9721(b), including the

- 5 -

protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

Additionally, the trial court must consider the sentencing guidelines. However, where the trial court is informed by a PSI [], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.

*Verma*, 334 A.3d at 946-47 (quotation marks, brackets, and citations omitted).

We further note:

the sentencing guidelines are purely advisory in nature — they are not mandatory. A court may therefore use its discretion and sentence defendants outside the guidelines, as long as the sentence does not exceed the max allowed by statute. When a court deviates from the sentencing guidelines, it must state the reasons for doing so on the record.

*Commonwealth v. Baker*, 311 A.3d 12, 19 (Pa. Super. 2024) (citations omitted).

Smith argues the trial court failed to take into consideration his history and characteristics, specifically, his addiction issues over the majority of his life, his attempts at treatment, and his mental health issues. *See* Appellant's Brief, at 18-19. Further, Smith claims the trial court did not account for his rehabilitative needs and "did not view [Smith] at the time of sentencing." *Id.* at 20.

We find no merit to Smith's claims. The trial court noted it reviewed the PSI, Smith's history and his rehabilitative needs. ***See*** N.T. Sentencing, 7/24/24, at 35, 36. The trial court discussed the protection of the public and impact of the offense on the victim's family and the community. The trial court heard from Smith and his counsel before imposing sentence. ***See id.*** at 27-33, 34-35.

The court detailed its reasons for the sentence it imposed:

All right, Mr. Smith. In considering an appropriate sentence in your case I have considered multiple things. First of all, I have reviewed the PSI report and all of its contents. That includes having reviewed the statements of Trooper Trace and Trooper Hahn who pointed out briefly an opinion, but ultimately deferred to the [c]ourt in its sentence. That PSI also includes your version of the events, it outlines the transaction, your version.

I agree that that version seeks to downplay your role. It outlined your evasion of law enforcement. It outlines your admission. You do admit that there is a victim and that a victim lost their life. …

In considering your rehabilitative needs … It is clear you had a rough start to your life. I hear that. I acknowledge that. I'm sorry for that. But you have self-reported that you've done crack cocaine or heroin for most of your life. That you've been a raging alcoholic and that that started around — I think you said you started around 12 to 14 but by 18 you were a raging alcoholic.

You've acknowledged that you've had at least 12 outpatient treatments and that upon completion of that treatment you began the cycle again. I'm sure you didn't leave treatment wanting to begin that cycle, but 12 outpatient treatments and the cycle began again.

\*\*\*

So let's talk about the impact on the life of the victim. Obviously there can be no greater impact than death. That impact extends to family. We heard from [the victim's mother] today and what I

- 7 -

learned is that while the victim in this case made some choices too, he was a loved member of his family. Clearly loved. And there are many, many lives impacted by his death.

With respect to this community, the community deserves better than for me to allow excuses to give you a mitigated sentence. This community deserves to know that drugs aren't going to be coming into it. I heard today evidence of witness tampering, asking a witness to testify untruthfully. A completely callous interchange of text messages where you acknowledge that the product you were selling could result in an overdose or death.

It seems you were willing to exchange just about anything for you to make money. The fact that perhaps you were trading tools against someone's life, not compelling to this [c]ourt. I can be sympathetic to your childhood. I can understand not everyone is given the same advantage. I understand that that can be an explanation for actions people take, but at some point you have to start making decisions.

… There is nothing I can latch onto in your arguments, in the statements that I've heard from counsel, that tells me absent a significant period of incarceration and rehabilitation that you won't begin that cycle again.

\*\*\*

So no longer an addict, no longer an issue for the public, I can't accept that. There's nothing in your history that tells me your efforts to date have been successful. There's nothing in your history that tells me where you've had the ability to make choices as an adult, you have made choices that show you're working on your addiction.

\*\*\*

… You were aware of an overdose the night before this happened. The night before you sold again. That's unconscionable. You were aware people were overdosing on your product. You're making multiple trips and bringing drugs into this community. …

*Id.* at 35-40.

The trial court took into consideration all required sentencing factors and provided a thorough reason for the sentence it imposed. It considered the PSI and Smith's rehabilitative needs, including the multiple times Smith attempted treatment and failed. It considered Smith's character in that he told others to steal items Smith wanted to then trade drugs for those items. Notably, Smith knew that the drugs he sold recently caused an overdose but continued to sell the same drugs to the victim. The trial court concluded: "For those reasons, I find the following sentence to be appropriate. This is in an aggravated range and I believe I've made a record support an aggravated sentence." *Id.* at 40.

When reviewing an above the guideline range sentence:

the essential question is whether the sentence imposed is reasonable, considering the nature and circumstances of the offense, the history and characteristics of the defendant, the opportunity of the sentencing court to observe the defendant, including any presentence investigation, the findings upon which the sentence was based, and the sentencing guidelines.

*Commonwealth v. Wallace*, 244 A.3d 1261, 1279 (Pa. Super. 2021) (citation omitted).

We find the sentence is not unreasonable given the facts of the case, and that the trial court provided adequate justification for the sentence. We, therefore, affirm the judgment of sentence imposed.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/15/2025