J-S32044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRANDON KULB | |
| Appellant | No. 2262 EDA 2016 |

Appeal from the Judgment of Sentence June 27, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s):
CP-51-CR-0006367-2014
MC-51-CR-00011603-2014

BEFORE: GANTMAN, P.J., STABILE, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 21, 2017**

Appellant, Brandon Kulb, appeals from the judgment of sentence of four to eight years' imprisonment plus fourteen years' probation entered in the Philadelphia County Court of Common Pleas. Appellant challenges the sufficiency and weight of the evidence regarding his convictions for terroristic threats,[1] violations of the Uniform Firearms Act ("VUFA"),[2] and possessing an instrument of crime ("PIC").[3] We affirm.

The trial court summarized the evidence presented at the nonjury trial as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2706.

[2] 18 Pa.C.S. §§ 6105, 6106, 6108.

[3] 18 Pa.C.S. § 907.

On March 12, 2014, J.J. was playing basketball at the Fishtown Recreation Center located at 1200 E. Montgomery Ave., Philadelphia, with his friend, Z.G. At some point, J.J. asked the Appellant . . . if he wanted to play. J.J. and the Appellant played until J.J. fouled the Appellant, which led to an argument. J.J. said he was going to go get his brother. He crossed Girard Avenue and began to walk down the street, with the Appellant following. The Appellant lifted his shirt and pulled out what looked to be a .38 caliber handgun from his waistband and pointed it at J.J. J.J. and the Appellant exchanged words and the Appellant later turned and walked away.

The Commonwealth called Z.G. to testify. He strongly resisted questioning and attempted to leave the court during direct examination. A sheriff briefly detained him. One of the investigating officers, Detective Goodwin, testified that Z.G. had previously intended on testifying, but was "scared to death" of possible repercussions for his family from members of the neighborhood. In fact, Z.G. had come to trial that morning but fled down the courthouse hallway when he saw several of the Appellant's male friends arrive. Z.G. ran and "started crying, [saying] I ain't going in there. I'm not going to do this. I can't go in there," referring to at least one of the individuals by name.

At trial, the Commonwealth was unable to procure J.J.'s testimony because, despite a bench warrant and personal assurances from J.J.'s parents, he did not show up at trial the next day and could not be located either at his residence or at his school. Police officers attempted to locate him at his home address and found the building abandoned.

Trial Ct. Op., 8/24/16, at 2-3 (footnote and record citations omitted).

The trial court found Appellant guilty of the aforementioned charges on April 22, 2016, and sentenced him on June 27, 2016. Appellant did not file post-sentence motions. Appellant timely appealed and filed a court-ordered

Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a responsive opinion suggesting that Appellant's claims were waived due to a vague Pa.R.A.P. 1925(b) statement and, in any event, were meritless.

Appellant presents the following questions for review:

> I. Is [Appellant] entitled to an Arrest of Judgment on all charges where, as here, the evidence is insufficient to sustain the verdict?

> II. Is [Appellant] entitled to a new trial whereas here, the greater weight of the evidence does not support the verdict?

Appellant's Brief at 3.

We summarize Appellant's arguments as follows. Appellant contends that the Commonwealth's evidence failed to establish that he was in possession of a firearm. *Id.* at 7-8. He notes the weapon was not recovered and the Commonwealth failed to exclude the possibility that the gun was "fake." *Id.* at 7-8. Appellant further argues that the Commonwealth failed to adduce any evidence regarding the barrel length of the weapon. *Id.* at 8-9. Regarding terroristic threats, Appellant further asserts that the Commonwealth failed to demonstrate Appellant communicated a threat. *Id.* at 9. Alternatively, he suggests that any threat was made as a result of "transitory anger." *Id.* at 9-10. Appellant observes that Z.G. refused to testify at trial and Appellant's conviction relied on Z.G.'s prior statements, including a signed statement to the police and his grand

jury testimony. *Id.* at 12. Thus, Appellant contends that he is entitled to discharge or a new trial on all charges. We disagree.

Preliminarily, we consider whether Appellant preserved his issues for review. This Court has stated:

> A court-ordered concise statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. Pa.R.A.P. 1925(b)(4)(ii). The Pennsylvania Supreme Court has explained that Rule 1925 is a crucial component of the appellate process, which is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Moreover, it is well-settled that [i]issues that are not set forth in an appellant's statement of matters complained of on appeal are deemed waived.

*Commonwealth v. Proctor*, 156 A.3d 261, 267 (Pa. Super. 2017) (citations and quotation marks omitted).

Moreover, with respect to a challenge to the weight of the evidence, it is well settled that

> [a] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607[.] Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion.

*Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (some citations and quotation marks omitted).

Instantly, we agree with the trial court that Appellant's Rule 1925(b) statement was insufficiently concise.[4] However, the issues at the nonjury trial were relatively straightforward. Appellant argued the Commonwealth failed to prove that he possessed a firearm or threatened J.J. *See* N.T., 4/22/16, at 62-63. The trial court filed a Rule 1925(a) opinion suggesting waiver, but addressing these arguments. *See* Trial Ct. Op. at 5-8. Therefore, we will consider these issues. *See Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007).

However, Appellant also attempts to challenge the sufficiency of the VUFA convictions based on the barrel length and the terroristic threats conviction based on transitory anger. These claims were not fairly suggested at trial or in his Rule 1925(b) statement. Therefore, we conclude those arguments have been waived. *See id.*; *Proctor*, 156 A.3d at 267.

---

[4] Appellant's Rule 1925(b) statement read as follows:

> 1. The trial court abused its discretion when she ordered the complaining witness incarcerated because he refused to testify against [Appellant].
>
> 2. The weight of the evidence was contrary to the verdict. The evidence presented by the Commonwealth shock the conscience of any reasonable person.
>
> 3. The evidence was insufficient to make out any the charges against [Appellant].

Appellant's Rule 1925(b) statement. Appellant has abandoned his first issue in this appeal.

Additionally, we are constrained to conclude that Appellant waived his challenge to the weight of the evidence. Appellant did not preserve this issue after trial or at sentencing and did not file a post-sentence motion. *See* Pa.R.Crim.P. 607. Instead, Appellant raised this challenge for the first time in his Rule 1925(b) statement. Although the trial court considered Appellant's weight of the evidence challenge in its Rule 1925(a) opinion, we may not address this issue on appeal. *See Griffin*, 65 A.3d at 938.

Turning to the sufficiency arguments preserved by Appellant, we note:

> In evaluating a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth together with all reasonable inferences from that evidence, and determine whether the trier of fact could have found that every element of the crimes charged was established beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Walker*, 836 A.2d 999, 1000 n.3 (Pa. Super. 2003) (citations and quotation marks omitted).

Appellant's first argues that the Commonwealth failed to prove that he possessed a firearm as was necessary to convict him under Sections 6105, 6106, and 6108, which provide:

> **§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.--**
>
> > (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this

Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105 (a)(1).

### § 6106. Firearms not to be carried without a license

### (a) Offense defined.--

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a).

### § 6108. Carrying firearms on public streets or public property in Philadelphia

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class . . .

18 Pa.C.S. § 6108. It is well settled that the testimony of a witness that the defendant possessed firearms is sufficient to establish a VUFA offense, even if a weapon is not recovered. *Commonwealth v. Robinson*, 817 A.2d 1153, 1161-62 (Pa. Super. 2003).

Instantly, the trial court heard Z.G.'s grand jury testimony that he observed Appellant confront the complainant, J.J. According to Z.G., after Appellant approached J.J. and they began talking, "everyone ran." N.T.,

4/22/16, at 29. Appellant then "lift[ed] up his shirt" and "pulled out a gun." *Id.* Z.G. described the weapon as "a back-in-the-day revolver gun, but smaller." *Id.* Z.G. stated J.J. looked like he "didn't know what to say" and "was in shock." *Id.*

We conclude Z.G.'s prior statement was sufficient to establish that the weapon possessed by Appellant was a firearm.[5] Z.G. testified that he observed Appellant with a pistol and was able to discern the cylinder, as well as the tip of the barrel, of a revolver. *See Robinson*, 817 A.2d 1161-62. Moreover, J.J.'s reactions to seeing the weapon provide circumstantial evidence that the firearm was, in fact, a firearm and not a toy. Thus, no relief is due.

As to Appellant's arguments that the Commonwealth failed to prove terroristic threats, Section 2706 provides:

> **(a) Offense defined.--**A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:
>
> > (1) commit any crime of violence with intent to terrorize another . . .
>
> \*\*\*

---

[5] Appellant also suggests that Z.G.'s testimony was not worthy of belief given his age, the passage of time between the incident and his testimony at the grand jury proceeding, and the non-adversarial nature of a grand jury proceeding. Appellant's Brief at 8. However, such arguments go to the weight of the evidence and warrant no relief in a challenge to the sufficiency of the evidence. *See Brown*, 52 A.3d 1139 at 1188; *Walker*, 836 A.2d at 1000 n.3.

> **(e) Definition.--**As used in this section, the term "communicates" means conveys in person or by written or electronic means, including telephone, electronic mail, Internet, facsimile, telex and similar transmissions.

18 Pa.C.S. § 2706(a)(1). This Court has noted that

> the crime of terroristic threats is committed when a person communicates, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another. An express or specific threat is not necessary to sustain a conviction for terroristic threats. Consequently, [i]t is unnecessary for an individual to specifically articulate the crime of violence which he or she intends to commit where the type of crime may be inferred from the nature of the statement and the context and circumstances surrounding the utterance of the statement.
>
> [T]he harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security . . . .

*Commonwealth v. Martinez*, 153 A.3d 1025, 1028-29 (Pa. Super. 2016) (citations and quotation marks omitted).

In this case, the Commonwealth was unable to produce evidence regarding the content of Appellant's statements to J.J. However, it was undisputed that an altercation between Appellant and J.J. occurred after J.J. fouled Appellant in a basketball game. N.T. at 39. J.J. stated he was going to get his brother and left the recreation center. *Id.* Appellant followed him across the street and the two had a verbal exchange. *Id.* at 29, 39. Although Z.G. was unable to hear the exchange, he observed people running away before Appellant lifted his shirt and pulled out the weapon. *Id.* at 29.

Appellant then drew his weapon, pointed it at J.J., and continued talking. ***Id.*** J.J. did not respond and appeared to be in shock. ***Id.***

Under these circumstances, we find ample evidence that Appellant communicated a threat to commit a crime of violence with intent to terrorize another. ***See Martinez***, 153 A.3d at 1028-29. The fact that Appellant pointed a revolver at J.J. establish a threat, as well as the reactions of others before Appellant pulled out the weapon and J.J.'s reaction after seeing the weapon, establish that Appellant threatened J.J. with the commission of a crime of violence. ***See id.*** Accordingly, Appellant's challenge lacks merit.

Lastly, as to Appellant's challenge to PIC, Section 907 provides:

> **(a) Criminal instruments generally.--**A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa.C.S. § 907(a).

Instantly, Appellant's argument is an amalgam of his prior arguments that he did not possess a firearm or threaten J.J. As we have already concluded there was sufficient evidence to find Appellant possessed a firearm and threatened J.J. with a crime of violence, Appellant's challenge to the PIC conviction lacks merit.

Thus, having reviewed the arguments preserved in this appeal, we agree with the trial court that Appellant's challenges to the sufficiency of the evidence warrant no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2017