J-S75016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RYAN CORNELIUS LEONARD :
:
Appellant : No. 463 WDA 2017

Appeal from the Judgment of Sentence June 27, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0015735-2015

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 22, 2018**

Ryan Cornelius Leonard appeals from the judgment of sentence imposed on June 27, 2016, after he entered a guilty plea to three counts of retail theft, and one count of conspiracy.[1]  The trial court sentenced Leonard to a sentence of 21 to 42 months' imprisonment, followed by five years' probation.  Leonard contends the sentence is "manifestly harsh and unreasonable" because the trial court failed to take into account his rehabilitative needs with regard to his drug addiction, and relied upon duplicative factors, specifically, his prior record.  Based upon the following, we affirm.

The trial court has summarized the background of this case, as follows:

This is an appeal by [Leonard], from a judgment of sentence entered on June 27, 2016 after [Leonard] plead[ed] guilty to one misdemeanor count of Retail Theft, two felony counts of Retail

_____

[1] 18 Pa.C.S. §§ 3921(a)(1) and 903, respectively.

Theft and felony Conspiracy on April 18, 2016. On June 27, 2016 [Leonard] was sentenced to 21 to 42 months of incarceration and a consecutive term of 5 years['] probation. On July 1, 2016 [Leonard] filed a Motion to Withdraw Guilty Plea which was denied on July 12, 2016. On July 26, 2016 [Leonard] filed a Motion to Modify Sentence which was denied on August 1, 2016. On March 21, 2017 a Notice of Appeal was filed with the Superior Court.[1] On March 29, 2017 an order was entered directing [Leonard] to file his Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. § 1925(b)(4). On April 12, 2017, [Leonard] filed his Statement of Errors Complained of on Appeal ….

[1] On February 17, 2017 a PCRA Petition seeking reinstatement of Defendant's post-sentence motion and direct appeal rights was filed and on February 22, 2017 an order was entered directing that Defendant's Motion to Modify Sentence submitted on July 26, 2016 was accepted as having been timely filed and Defendant was granted leave of court to file a *nunc pro tunc* appeal within 30 days.

****

This matter arises out of [Leonard's] arrest following a series of retail thefts in October 2015. On April 18, 2016 [Leonard] appeared to plead guilty at which time the Commonwealth indicated that an agreement had been reached under which the Commonwealth was willing to agree to a county sentence which was "well below the guidelines" followed by a lengthy period of probation, including drug and alcohol treatment, with the [Leonard] to pay restitution of $4,587.00.

The Commonwealth summarized the evidence which established that on October 19, 22 and 25, 2015, [Leonard] stole multiple home improvement items, having a total value of $4,587.00, from the Lowes store in Robinson Township. [Leonard] acknowledged that he was guilty of the charges. [Leonard] also acknowledged that he completed the Guilty Plea and Explanation of Defendant's Rights forms. As a result of the fact that the proposed plea agreement represented a significant departure from the guidelines, a pre-sentence report was ordered.

Sentencing was held on June 27, 2016 and the agreement for a county sentence with permission for alternative housing and restitution of $4,587.00 was again submitted for consideration.

- 2 -

Counsel argued that such a sentence would allow [Leonard] to participate in programs that would facilitate his rehabilitation. In response, this Court stated that it would not accept the proposed plea agreement stating:

> "His guidelines in the mitigated are 21 months. That's at the mitigated range. He is a repeat felon. Why would I give him county? The state will supervise him better than I can."

Defense counsel, after discussing other charges pending against [Leonard], stated:

> "He is not a bad man. He really is not. He just, frankly, Your Honor, although I don't condone it, of course I would not condone it, but the stealing had to do with food, not drugs. The stealing had to do with just surviving. Not condoning it, not saying that Mr. Leonard, even looking back now, would say that's ever the right thing to do. But it was not to shoot up or to go trade on the corner for ten stamped bags. That wasn't the case. It was just to survive."

The following exchange then took place:

> "The Court: Is he RR[R]I eligible?
>
> Mr. Smith: I think he is eligible.
>
> The Court: I'm going to send you to the state.
>
> Ms. Miskovich: **Do you want to withdraw your plea?**
>
> [Leonard]: No." (T., p. 7) (Emphasis added)

Noting on the record that [Leonard] had a "history of constant retail theft, retail theft, retail theft, robbery, retail theft, false I.D. to law enforcement, retail theft," [Leonard] was then sentenced to a mitigated range sentence of 21 to 42 months and 5 years probation and restitution in the amount of $4,587.00. [Leonard] was also found to be RRRI eligible.

Trial Court Opinion, 6/29/2017, at 1-3 (some record citations omitted).

The sole claim raised in this appeal is a challenge to the discretionary aspects of the sentence imposed by the trial court. A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." **Commonwealth v. Best**, 120 A.3d 329, 348 (Pa. Super. 2015) (citation and internal citation omitted). To reach the merits of a discretionary issue, this Court must determine:

> whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Edwards**, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted).

Leonard complied with the procedural requirements for this appeal by presenting a timely post-sentence motion to modify sentence, a timely notice of appeal, and by including in his appellate brief a statement of reasons relied upon for appeal pursuant to **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must determine whether he has raised a substantial question justifying our review.

A defendant raises a substantial question when he "advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Proctor**, 156 A.3d 261, 273 (Pa. Super. 2017) (citation omitted), *appeal*

*denied,* \_\_\_ A.3d \_\_\_ (Pa. October 10, 2017). Here, Leonard contends his sentence is contrary to the norms underlying the sentencing process because the trial court did not consider his rehabilitative needs as required by 42 Pa.C.S. 9721(b). He also contends the trial court relied upon inappropriate factors by double counting his prior criminal record. We find these claims raise a substantial question. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) ("[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question[.]");**Commonwealth v. Goggins**, 748 A.2d 721, 728 (Pa. Super. 2000) (stating that double counting the defendant's prior record raises a substantial question).[2]

Our standard of review is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

---

[2] We note the Commonwealth's argument that Leonard waived these issues by claiming in his motion to modify sentence only that his "criminal history is predicated solely on the use of heroin" and that "the parties recognized there was a need for Leonard to undergo sustained drug treatment counseling." **See** Commonwealth Brief at 7, *citing, inter alia,* **Commonwealth v. Tejada**, 107 A.3d 788, 799 (Pa. Super. 2015) (holding discretionary aspects claims not raised at sentencing or in a post-sentence motion are not subject to our review, even if raised in 1925(b) statement and addressed in the trial court's 1925(a) opinion). In any event, as will be discussed, no relief is due.

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez,*** 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted). Here, where the trial court sentenced within the guidelines, we may only vacate the judgment of sentence if it is "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).[3]

In this case, Leonard's prior record score was RFEL, and the offense gravity score was a 5 for the felony 3 retail theft charges. The mitigated range was 21 months; the standard range was 24-36 months; and the aggravated range was 39 months. The trial court imposed a **mitigated** range sentence of 21 to 42 months' imprisonment in a state correctional institution, and a consecutive 5-year term of probation.[4]

---

[3] In determining unreasonableness, there are four factors an appellate court is to consider when reviewing a sentence:

(1)    The nature and circumstances of the offense and the history and characteristics of the defendant.

(2)    The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3)    The findings upon which the sentence was based.

(4)    The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

[4] The trial court imposed a sentence of 21-42 months' imprisonment at Count 2, Retail Theft (F3). The court imposed a 5-year term of probation at Count 3, Retail Theft (F3). At Count 1, Retail Theft (M1) and Count 4, Conspiracy

Leonard relies on 42 Pa.C.S. § 9721(a), which provides, in relevant part, that, in imposing sentence, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Leonard contends the trial court did not address his rehabilitative needs. He asserts he requires an intense drug addiction program, which state prison cannot provide him. He also claims the trial court did not address the protection of the public and the fact he is not a serious threat. He claims "[t]he Commonwealth had no objection to[] the imposition of a sentence below the mitigated range of the guidelines in order to allow Mr. Leonard to participate in an alternative housing program with drug treatment." Leonard's Brief at 16.

Leonard further argues that although his prior convictions were accounted for in the Prior Record Score (PRS) of the guidelines, the court focused exclusively on his criminal history in declining to accept the plea deal of a county sentence, and instead imposing a state sentence in the mitigated range of the guidelines. Leonard maintains "[a] sentence of county intermediate punishment, or a county sentence of partial or total confinement, followed by a term of probation, would have been sufficient to meet the goals

_____

(F3), the trial court issued a determination of guilty without further punishment.

of imposing a sentence that is consistent with [the Section 9721(b) factors]." Leonard's Brief at 17.

Based on our review, we conclude Leonard's arguments present no basis upon which to disturb the judgment of sentence. Because the trial court had the benefit of a presentence investigation report, it is "presume[d] that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Furthermore, "[b]ecause our law requires a sentencing court to consider the prior criminal record to ascertain a defendant's amenability to rehabilitation," we do not fault the trial court for doing so here. *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). Finally, the Pennsylvania Supreme Court has rejected the notion that a defendant must be sentenced to the minimum amount of confinement that is consistent with the protection of the public, gravity of the offense, and rehabilitative needs of the defendant. *See Commonwealth v. Walls*, 926 A.2d 957, 965 (Pa. 2007). Accordingly, on this record, we find no abuse of discretion in the mitigated range 21-42 months' sentence imposed by the trial court. Therefore, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2018