J-S78022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRANCE SMITH | : | |
| | : | |
| Appellant | : | No. 3382 EDA 2017 |

Appeal from the Judgment of Sentence Entered May 8, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008918-2014

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED APRIL 04, 2019**

Terrance Smith appeals from the judgment of sentence entered on May 8, 2015. Following a bench trial, the court found him guilty of aggravated assault, possession of an instrument of crime (PIC), simple assault, and recklessly endangering another person.[1] Smith challenges the discretionary aspects of his sentence and maintains that the trial court imposed an unduly harsh and excessive sentence. We affirm.

The facts giving rise to the above convictions are as follows:

> On June 17, 2014, Philadelphia Housing Authority Police Officer David DiRico was on duty at the 2800 block of North 11th Street in Philadelphia. He was in full uniform and in a marked patrol wagon. He and his partner Officer Small[2] exited the

---

\*   Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702, 907, 2701, and 2705 respectively.

[2] Officer Smalls' first name was not placed on the record at trial.

vehicle to sign their log and discuss their observations with their sergeant. Officer DiRico stood all the way at the side of the street, which was around seven or eight feet wide with full traffic flowing past him in the middle.

Officer DiRico heard motorcycle noises and saw [Smith] driving towards him down the street on a dirt bike motorcycle. Officer DiRico and Officer Small noted that they saw [Smith] driving the same dirt bike earlier that day. [Smith] later [testified] that he rode the dirt bike every day in Philadelphia and on the day in question had been riding it for a few hours.

Officer DiRico watched as [Smith] initially slowed down "35, 40 miles an hour down to five," but then accelerated while facing Officer DiRico, looking straight ahead as he did so. When [Smith] accelerated he was around fifteen feet away from the Officer. Officer DiRico attempted to back away, but a car prevented his escape. Despite there being "plenty of space" to drive past the police officers to stop his vehicle, [Smith] drove his dirt bike straight into Officer DiRico. Both men fell to the ground.

[Smith] admitted that when the collision occurred he immediately jumped up and started running away. Officer DiRico attempted to follow him but was too severely injured. He then radioed it in as his partner and sergeant chased [Smith]. Officer DiRico saw [Smith] running between buildings down the street away from the scene two minutes later. [Smith] was eventually apprehended by pursuing officers. [Smith] added that this was because he stopped running and dropped to his knees.

It was stipulated at trial that as a result of the crash, Officer DiRico had many injuries, including an injured back and a fractured tibia and fibula. As a result of his injuries he had to have several surgeries and procedures, including ones to get a titanium rod in his tibia, a meniscus repaired in his knee, nerves burnt in his back, and screws removed from his ankle. He was confined to a hospital bed for almost four months. As of [Smith's] trial on March 2, 2015, Officer DiRico was still IOD (injured on duty) status and was still being treated by several doctors as a result of this incident.

Regarding the crash, Officer DiRico testified repeatedly that he believed that because of traffic, [Smith] was stuck on the street approaching the officers and therefore purposely ran him over to

avoid being arrested for illegally driving a dirt bike in Philadelphia. Officer Small agreed that [Smith] had ample opportunity to stop or drive past Officer DiRico but instead chose to accelerate in his direction. [Smith testified] to driving his dirt bike into Officer DiRico on the date in question but claimed that it was an accident and that he could not brake in time to avoid hitting him. There was also a stipulation that if called, the two mothers of [Smith's] children would both testify that [Smith] had a good reputation in his community for peacefulness.

Trial Court Pa.R.A.P. 1925(a) Opinion ("TCO"), filed March 22, 2018, at 2-4 (citations to notes of testimony omitted).

At the sentencing hearing, the parties agreed that Smith's prior record score was a two and that the Sentencing Guidelines recommended a minimum sentence of 48 to 66 months, plus or minus 12 months. N.T. Sentencing Hearing, 05/08/15, at 4. The trial court heard testimony from Smith's current girlfriend as well as his former girlfriend, his aunt, and one of his friends. Defense counsel also provided the trial court with letters from Smith's family members. Officer DiRico testified to the injuries he sustained including "a tibia and fibula fracture. . . Subsequently, I've had two screws removed out of my ankle, which was a second surgery. I had a third surgery arthroscopically on my knee. I've been seeing a doctor regarding back issues as well." *Id.* at 14. He also testified that he was bedridden for almost four months; was in a wheelchair for six months; and at the time of the sentencing hearing was still suffering from his injuries and had not been able to return to work. *Id.* at 14. Officer DiRico's wife testified that their "12 year old daughter is in therapy as a result of this incident – accident." *Id.* at 16. Additionally, Smith apologized to Officer DiRico. *Id.* at 26. After hearing from both parties and considering

the pre-sentence investigation report as well as the mental health evaluation, the trial court stated the following:

> I've listened to the testimony from everyone who spoke today on both sides. I remember this case. I did not mitigate your sentence, but I did not aggravate it, due to the overwhelming reports that I have had in these letters and things of that nature. . . . And this could have been a mistake; however, it's a very tragic one. And this officer will live forever with the consequences of your actions, mistake or not. And as a result, there has to be some balance here, and that's why you're going to go up state. . . And I personally appreciate the apology. I'm sure the officer, you know, that means something to him and his family because they have just been devastated by this.

*Id.* at 28-89. The court then imposed a sentence of four to eight years' incarceration for aggravated assault followed by a consecutive term of five years reporting probation for PIC.[3] *Id.* Smith filed a post-sentence motion, arguing that "[his] actions, . . . were not caused by a hardness of heart, but rather were the unfortunate result of a dirt bike accident[,]" and requested a sentence "which gives more leniency and/or flexibility." Post-Sentence Motion, filed 05/13/15, at ¶¶ 5, 6. The trial court denied the motion after holding a hearing on the motion. The trial court reinstated Smith's appellate rights *nunc pro tunc* on October 16, 2017. This timely appeal followed.

Smith asks us to review one issue: "Is the sentence imposed unduly harsh and excessive?" Smith's Br. at 5.

---

[3] The simple assault and REAP convictions merged with the aggravated assault conviction for sentencing purposes.

Smith challenges discretionary aspects of his sentence for which there is no automatic right to appellate review. *See Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa.Super. 2013). Before we may address the merits of such a claim, we must first determine whether: (1) the appeal is timely; (2) the claim is preserved; (3) the brief contains a Pa.R.A.P. 2119(f) statement; and (4) the claim raises a substantial question. *See Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa.Super. 2018). To preserve a challenge to the discretionary aspects of sentence, an appellant must raise the challenge in a post-sentence motion or at the sentencing hearing. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*).

Here, Smith's appeal is timely but he did not preserve his challenge to the discretionary aspects of his sentence. He did not argue that the sentence imposed was unduly harsh or excessive either at the sentencing hearing or in his post-sentence motion. He therefore has waived the issue for appellate review of that claim. *See* Post-Sentence Motion, filed May 13, 2015. Smith's Rule 1925(b) statement does argue that the trial court imposed an excessive sentence without considering his mitigating factors. However, asserting a claim in a Rule 1925(b) statement does not cure the failure to properly raise the issue previously. *See Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa.Super. 2011) (concluding raising issue in Rule 1925(b) statement that was not raised before trial court results in waiver). The issue is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Even if Smith had preserved this claim for appellate review, we would conclude that it is meritless. Smith's core complaint is that the trial court did not give his mitigating evidence the weight he desired, which warrants no relief. *See Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa.Super. 2017) (concluding no relief is due where appellant maintained that the trial court did not give proper weight to mitigating factors in fashioning sentence). Here, the trial court considered the following materials and testimony before imposing sentence:

> [A] pre-sentence report and a mental health evaluation in determining [Smith's] sentence. The court also read several letters from [Smith's] family members and considered testimony at sentencing from [Smith's] two girlfriends, his aunt, and his friend. . . [T]he court also considered the testimony at sentencing by the victim and the victim's wife, and pointed out to [Smith] that "they have just been devastated by this" and "this officer will live forever with the consequences of your actions." The court also considered the arguments put forth by the District Attorney, who argued that the court must consider "the actions of [Smith], the subsequent flight after the incident, the serious bodily injury that was obviously suffered by Officer DiRico, and the effect it's had on his family" as well as the guidelines, PSI, criminal record, no significant mitigation, and the fact that [Smith] was on probation at the time the incident occurred.

TCO at 5-6 (citations to notes of testimony omitted).

Thus, the trial court considered Smith's mitigating evidence and "the protection of the public, the gravity of the offense as it relates to the impact on the life of [Officer DiRico] and on the community, and the rehabilitative needs of [Smith]" and imposed a sentence consistent with the norms underlying the Sentencing Code. 42 Pa.C.S.A. § 9721(b).

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/19