J-S11015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRANDON MICHAEL SOMMERS | |
| Appellant | No. 267 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0015164-2017

_____

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRANDON MICHAEL SOMMERS | |
| Appellant | No. 268 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0000488-2018

_____

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRANDON MICHAEL SOMMERS | |
| Appellant | No. 269 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0015784-2017

_____

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRANDON MICHAEL SOMMERS | |
| Appellant | No. 270 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0000706-2018

_____

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRANDON MICHAEL SOMMERS | |
| Appellant | No. 271 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0001951-2018

_____

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON MICHAEL SOMMERS | |
| Appellant | No. 272 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0015817-2017

_____

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON MICHAEL SOMMERS | |
| Appellant | No. 273 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0015163-2017

_____

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON MICHAEL SOMMERS | |
| Appellant | No. 274 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0000568-2018

_____

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
| :--- | :--- |
| Appellee | OF PENNSYLVANIA |
| v. | |
| BRANDON MICHAEL SOMMERS | |
| Appellant | No. 275 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0002095-2018

BEFORE: STABILE, J. KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:               **FILED: MAY 21, 2021**

Appellant, Brandon Michael Sommers, appeals from his judgment of sentence of 8-16 years' imprisonment following his guilty plea in the above cases. Appellant contends that the court abused its discretion by imposing an overly lengthy sentence. We affirm.

Appellant was charged in the above cases with perpetrating a series of burglaries and other offenses between October 20, 2017 and November 21, 2017. His father participated in several of these burglaries. On June 21, 2018, Appellant entered an open guilty plea in all cases. On June 26, 2018,

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 4 -

the court sentenced Appellant to a combination of consecutive and concurrent sentences for burglary, firearms, and receiving stolen property that totaled 8-16 years' imprisment. Appellant did not file a direct appeal, but on September 20, 2019, the court granted his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, to reinstate his direct appeal rights *nunc pro tunc*. In the same order, the court granted Appellant 45 days to file post-sentence motions.

On November 4, 2019, Appellant, through counsel, filed a motion to modify his sentence, alleging that the court failed to consider his rehabilitative needs, drug addiction, mental health issues, and adverse influence from his father. On January 23, 2020, the court denied Appellant's motion. This timely appeal followed. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal: "Did the court abuse its discretion in imposing consecutive terms of imprisonment resulting in a manifestly excessive and unreasonable aggregate sentence of 10 to 20 years' imprisonment[1] for the instant offenses?" Appellant's Brief at 4.

Appellant's claims implicate the discretionary aspects of sentencing. We note:

> [A]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

---

[1] The sentencing hearing transcript reveals that the trial court imposed a sentence of 8-16 years' imprisonment, not 10-20 years' imprisonment.

- 5 -

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> What constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process.

*Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa. Super. 2016).

Here, Appellant filed a timely notice of appeal and raised these discretionary sentencing claims before the trial court in post-sentence motions. Additionally, his appellate brief properly includes the required Pa.R.A.P. 2119(f) statement.

Appellant presents a substantial question for our review by asserting that the court imposed an excessive sentence without taking his rehabilitative needs or mitigating factors into account. *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (challenge to imposition of consecutive sentences as unduly excessive, together with claim that court failed to

consider rehabilitative needs and mitigating factors upon fashioning its sentence, presents substantial question). Appellant also argues that the court's reference to his past criminal conduct was improper because it was already taken into consideration by his prior record score. This, too, raises a substantial question for review. *Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019) (claim that court relied on factors already considered in sentencing guidelines, resulting in "double counting" of these factors, sets forth substantial question).

Sentencing is within the sound discretion of the trial court, and we will not disturb a sentence absent a manifest abuse of discretion. *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011). The trial court has broad discretion because it is in the best position to view the defendant's character and his displays of remorse, defiance or indifference, as well as the overall effect and nature of the crime. *Id.*; *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa. Super. 2009).

In this case, Appellant's sentence was a proper exercise of discretion because the court took into account Appellant's rehabilitative needs and all mitigating factors presented, as well as the other statutory factors required by the Sentencing Code, when imposing sentence.

Having presided over the guilty plea hearing, the court knew of the circumstances involved in this matter wherein Appellant committed nine burglaries, some with his father, over a one-month period. The crimes

involved multiple victims, and the stolen items included jewelry and firearms. During the guilty plea hearing, Appellant admitted his involvement in all of the crimes and cooperated with police. N.T., 6/21/18, at 10.

During the sentencing hearing, Appellant acknowledged waiving his right to a presentence report, because he was satisfied with the history set forth in a recently completed report prepared in an unrelated case. The court indicated that it had taken this prior report into consideration. N.T., 6/26/18, at 2, 4, 25-26. Thus, the court presumably was aware of and weighed all information regarding Appellant's background and character along with mitigating statutory factors. *Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017) (where court is informed by PSI, court is presumed aware of all appropriate sentencing factors and considerations, and where the court has been so informed, its discretion should not be disturbed).

In addressing the court, Appellant provided an overview of his background, included his abusive, drug addicted father and claims that he had been sexually assaulted as a teenager and had attempted suicide. He said that his childhood traumas caused him to suffer from PTSD and bipolar depression. He also discussed his drug use. N.T., 6/26/18, at 4-6. Appellant stated that he relapsed when his father moved into his house, which led to the commission of the current crimes. *Id.* at 6. Nevertheless, he accepted the fact that he had made the decision to commit the offenses and expressed remorse for his actions. *Id.* at 17-18. Appellant also stressed that he had

helped police recover the stolen items and understood that he could "never completely heal the traumatic wounds that [he had] caused." *Id.* at 6-7. He noted that he had been incarcerated multiple times but had learned a lot from these experiences and saw the sentence herein as "a chance to positively change." *Id.* at 14-15. He acknowledged that the court would sentence him at its discretion but requested that no tail be imposed. *Id.* at 7.

Appellant's grandmother and mother spoke on his behalf. His grandmother stated that he suffers from mental health issues requiring proper medication and hoped he would receive treatment. She described the abuse inflicted by Appellant's father and stated her belief that his return to drug use was the result of his father moving in with him. *Id.* at 8-11. Appellant's mother likewise remarked that he has mental health issues and believed that his father's neglectful nature accounted for Appellant's behavior. She added that when Appellant was a teenager, he had been sexually abused by a vice principal. *Id.* at 12-13.

Defense counsel reiterated that Appellant had accepted responsibility for his actions, cooperated with police, and helped to ensure the return of all of the stolen items. *Id.* at 15. Counsel requested that the court take into account Appellant's history of mental illness and drug abuse, as well as his potential for rehabilitation, and impose a reasonable sentence, preferably boot camp with a tail or, if imprisonment, a sentence with no tail at the end. He

pointed out that Appellant was only 29 years old and had previously been employed as a carpenter. *Id.* at 17, 21-22.

The prosecutor argued that Appellant's crimes occurred in eight separate communities and affected 22 victims, many of whom were elderly and infirm, including a 94-year-old woman. He noted that many of the jewelry items were family heirlooms, and that one of the victims had no front door during several winter months because it had been damaged by Appellant and could not be repaired due to inclement weather. All of the victims lost their sense of security as a result of Appellant's actions. *Id.* at 18-19. The prosecutor remarked upon Appellant's history of similar misconduct, including the entry of guilty pleas in 2011 and 2013 to felony burglaries, and confirmed that he was facing parole violations before a different judge as a result of the current offenses. *Id.* at 19-20.

After listening to this evidence and argument, the court offered the following, detailed explanation of its sentencing decision:

> This presents a dilemma for the court at such a young man with a terrible history; and on the other side . . . you have heard it hundreds of times in your experience over the years, is how a burglary impacts the victims[] in their own homes, security and their peace of mind. That is forever lost. I am really not going to sentence him to 20 to 40 years, just warehousing him. But at the same time, there has to be a kind-of give and take, because there [are] multiple victims, their ages and the impact on their life. [It is] my practice to sentence consecutively for separate harms in separate cases. I am deviating from that. At some point in time he will just fall off a cliff here, in terms of sending him to jail for almost a life sentence.

[T]he court has taken into account my sentencing responsibilities under Title 42, that is the impact of the crimes on the victims, which has been significant, the protection of the public which is, again, paramount in terms of his re-offending on at least two occasions after being sentenced for similar or same type of activity.

[The] court has taken into account the statements made by [Appellant] on his own behalf, three separate statements, so to speak today, the statements made by his mother, his grandmother; the cumulative history which indicates his father's drug abuse, an overt and perhaps subconscious influence on [Appellant], his own manifest mental health problems, post[-]traumatic stress, the ADHD, suicide attempts, the heroin addiction that led to his criminal conduct, and the purported abuse by another adult during his youth.

[The] court takes into account the plea that he has undertaken, completed in this matter, saving the victims from testifying; and also the cooperation with the authorities in terms of recovering some or all of the items. The court notes that while his mother and grandmother attribute much of the responsibility or, in plain English, the blame on his father, upon specific inquiry [Appellant] accepts his own decision-making process, accepting full responsibility for the conduct.

*Id.* at 23-25 (some capitalization omitted). The court stated, "I could sentence you to 25 to 50 years, no one would blink." *Id.* at 31.

Contrary to Appellant's argument, the court did not ignore his mental illness and drug addiction, or any other mitigating factor, including his father's adverse influence, when it imposed sentence. The court took these factors into account, but it fashioned a sentence it felt was warranted based upon the number of crimes and victims involved, the effect upon the victims, public protection, and Appellant's history. The court took into consideration that Appellant committed multiple burglaries involving numerous victims and found

- 11 -

consecutive sentences necessary under the circumstances. At the same time, however, the court took Appellant's mitigating evidence into account by imposing a more lenient sentence than it otherwise might have. This explains why the court observed that "no one would [have] blink[ed]" had it imposed a 25- to 50-year sentence. *Id.*

Furthermore, the court properly considered Appellant's criminal history as a ground for imposing consecutive sentences. When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. *Commonwealth v. Burns*, 765 A.2d 1144, 1150–51 (Pa. Super. 2000). In particular, the court should refer to the defendant's prior criminal record, his age, his personal characteristics, and his potential for rehabilitation. *Id.* at 1151. Thus, we cannot fault the trial court for doing so in this case.

For these reasons, we conclude that the trial court properly exercised its discretion in sentencing Appellant to an aggregate term of eight to sixteen years' imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2021

- 12 -