J-A09010-22
J-A09011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QURON MCLEAN | : | |
| | : | |
| Appellant | : | No. 1659 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 29, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003636-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QURON MCLEAN | : | |
| | : | |
| Appellant | : | No. 1660 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 29, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003637-2020

BEFORE:   NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 21, 2022**

In these related appeals, Appellant Quron McLean appeals from the

judgments of sentence entered following his convictions at trial court dockets

CP-51-CR-0003636-2020 (3636-2020) and CP-51-CR-0003637-2020 (3637-

_____

[*] Retired Senior Judge assigned to the Superior Court.

2020).   Appellant contends that the trial court abused its discretion when it failed to consider mitigating factors and imposed an excessive sentence.   We affirm.

The trial court summarized the relevant facts and procedural history of these cases as follows:

> [Appellant] was arrested on April 8, 2020, following an altercation between himself and Kenya Anderson [(Complainant)]. Specifically, on April 2, 2020, [Appellant] went to the home of Complainant, where she lives with the two sons she shares with [Appellant], a five-year-old, and [a] two-year-old [(S.M.)]. [Appellant] and Complainant began arguing about things Complainant saw on [Appellant's] cell phone and about money [Appellant] owed her.   During this argument, [Appellant] hit Complainant in the chest with a closed fist.  Complainant then told their five-year-old son to call the police.  [Appellant] continued pushing, shoving, and punching Complainant.   Complainant attempted to restrain [Appellant] until the police arrived, but [Appellant] freed himself and began breaking items in her home, including the microwave, coffee table, and television.   S.M. ran towards [Appellant], [and Appellant] pushed S.M. away, and S.M. cut his foot on a piece of broken glass.  [Appellant] then fled the home.
>
> On June 29, 2021, [Appellant] entered an open guilty plea to the following charges on docket [3636-2020]: criminal mischief as a summary offense, terroristic threats as a misdemeanor in the first degree, simple assault as a misdemeanor in the second degree, and recklessly endangering another person [(REAP)], as a misdemeanor in the second degree.[1]   [Appellant] also entered an open guilty plea to the charge of endangering the welfare of a

---

[1] 18 Pa.C.S. §§ 3304(a)(4), 2706(a)(1), 2701(a), and 2705, respectively.

child [(EWOC)],[2] as a felony in the third degree on docket [3637-2020].[3]

[Appellant] requested, and the Commonwealth agreed, to waive a presentence investigation and report and proceed directly to sentencing on both dockets at that hearing.

Trial Ct. Op., 9/27/21, at 1-2 (formatting altered).

At docket 3636-2020, the trial court sentenced Appellant to a term of eighteen to thirty-six months of incarceration, followed by two years of probation for terroristic threats, and a term of twelve to twenty-four months of incarceration for simple assault. N.T., 6/29/21, at 37. The trial court imposed no further penalty with respect to REAP and criminal mischief. *Id.* At docket 3637-2020, the trial court sentenced Appellant to a term of eighteen to thirty-six months of incarceration, followed by two years of probation for EWOC. *Id.* at 38-39. The trial court ordered the sentences at both dockets to run concurrently resulting in an aggregate sentence of eighteen to thirty-six months of incarceration, followed by two years of probation. *Id.* at 40-41.

Appellant filed timely post-sentence motions that the trial court denied on July 12, 2021. On August 9, 2021, Appellant filed timely notices of appeal at trial court dockets 3636-2020 and 3637-2020. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

_____

[2] 18 Pa.C.S. § 4304(a)(1).

[3] A charge of persons not to possess firearms, 18 Pa.C.S. § 6105(a), was charged initially and then *nolle prossed* after Complainant admitted that she lied to police about Appellant possessing a firearm. Trial Ct. Op., 9/27/21, at 5.

Appellant raises the following issue on appeal:

Is the sentence imposed unduly harsh and excessive under the circumstances of this case?

Appellant's Brief at 4.[4]

Appellant's issue presents a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence."). It is well settled that

[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing

_____

[4] In these related cases, although Appellant filed separate notices of appeal and separate appellate briefs, the briefs are nearly identical. Appellant presented the same issue in each brief, and the issue and corresponding argument appear on the same pages in each brief. Accordingly, we refer to Appellant's brief in the singular.

Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

The record reveals that Appellant preserved his sentencing issues in the post-sentence motions, filed timely appeals, and included a Pa.R.Crim.P. 2119(f) statement in his brief. *See id.* In his Rule 2119(f) statement, Appellant contends that the trial court abused its discretion and imposed an excessive sentence without considering mitigating factors and Appellant's individual circumstances. Appellant's Brief at 20.

This Court has held that an appellant's claim that his sentence is excessive, in conjunction with an assertion that the trial court failed to consider mitigating factors, raises a substantial question for review. *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). Accordingly, we proceed to address the merits of Appellant's issue.

We review challenges to the discretionary aspects of sentencing bearing in mind the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (citations omitted and formatting altered). When the trial court imposes a sentence that is within the Sentencing Guidelines, the appellant must

demonstrate that the sentence is clearly unreasonable. *See* 42 Pa.C.S. § 9781(c)(2); *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1134-35 (Pa. Super. 2009) (explaining that a sentence within the Sentencing Guidelines is presumed to be reasonable).

In support of his claim that the sentence was excessive and that the trial court failed to consider mitigating factors, Appellant contends that trial court did not consider Appellant's remorse, his employment history and support for his family, and that no one suffered an injury requiring medical attention. Appellant's Brief at 32. Further, Appellant claims that the trial court abused its discretion in imposing an aggravated-range sentence for terroristic threats. *Id.* at 33. Appellant notes that the trial court relied on the fact that Appellant's children were present as an aggravating factor and imposed an aggravated-range sentence for terroristic threats. *Id.* On this basis, Appellant concludes that his criminal behavior was "essentially double counted" when he received an aggravated-range sentence for terroristic threats because he had already been charged with the separate crime of EWOC with respect to his child, S.M. *Id.*

The Commonwealth responds that Appellant's arguments are belied by the record. Commonwealth's Brief at 7. The Commonwealth notes that Appellant received one aggravated-range sentence for terroristic threats and standard-range sentences for simple assault and EWOC. *Id.* at 8-10. Additionally, the Commonwealth points out that the trial court did consider mitigating factors and ordered Appellant to serve all of the sentences

concurrently. *Id.* at 7. The Commonwealth asserts that although Appellant claims that the trial court failed to consider mitigation, Appellant is, in fact, arguing that the trial court did not weigh certain factors more heavily in his favor. *Id.* at 9. Finally, the Commonwealth asserts that there is no merit to Appellant's claim that the trial court "double counted" sentencing factors. *Id.* at 9-10.

After review, we conclude that Appellant is due no relief. It is undisputed that on the charges of simple assault and EWOC, the trial court sentenced Appellant in the standard range of the Sentencing Guidelines. *See* Appellant's Brief at 24; *see also* N.T. 6/29/21, at 20-41; 204 Pa. Code § 303.16(a)). Similarly, there is no dispute that on the charge of terroristic threats, the trial court imposed a sentence in the aggravated range.[5]

As noted above, sentences that fall within the Sentencing Guidelines are presumed to be reasonable. *See Ventura*, 975 A.2d at 1134-35. Moreover, the trial court summarized the altercation leading to the charges and explained as follows:

> In reaching its decision to impose a sentence in the aggravated range for terroristic threats, this court heard argument from counsel for [Appellant] and [Appellant's] allocution and considered [Appellant's] positive relationships with his five children, the mothers of his other children, his willingness to accept

---

[5] For Appellant's conviction on the charge of terroristic threats, the Sentencing Guidelines provided a standard range minimum sentence of between six and sixteen months, plus or minus three months. *See* 204 Pa. Code § 303.16(a). As stated, the trial court imposed a sentence of one and one-half to three years of incarceration, followed by two years of probation, resulting in a sentence in the aggravated range of the Sentencing Guidelines. *Id.*

responsibility, his successful employment history, and Complainant's own role in the altercation and subsequent credibility concerns.[FN3] This court also heard argument from the Commonwealth and an impact statement prepared by Complainant and considered the continued impact of the altercation on Complainant and her children, the history of domestic violence between [Appellant] and Complainant, and [Appellant's] continued contact with Complainant throughout the pendency of this case both himself and through family members. Ultimately, this court reasonably found that the presence of the couple's two young children during the altercation was sufficient reason to impose a sentence in the aggravated range, and [the court] explained this decision on the record. *See* [N.T., 6/29/21] at 45-46 ("the deciding factor on whether to keep you in county or put you upstate is the fact that your children were there, and I will tell you that and I will be very clear. I look at that as an aggravating factor"). This court's imposition of a sentence in the aggravated range for this offense, based primarily on the presence of [Appellant's] minor children during the altercation, was reasonable and not a manifest abuse of discretion.

> [FN3] The Commonwealth informed this court on the record that they would [*nolle prosse*] the § 6105 charge because Complainant admitted that she lied when she informed police that Defendant had a firearm. [N.T., 6/29/21] at 9.

Trial Ct. Op., 9/27/21, at 5-6 (some formatting altered). Additionally, the trial court reiterated that it imposed standard-range sentences for EWOC and simple assault, *see* N.T., 6/29/21, at 36-37, and it concluded that Appellant failed to identify any basis for finding that the standard-range sentences in this case were unreasonable. Trial Ct. Op., 9/27/21, at 5-7.

Contrary to Appellant's claims of error, the trial court clearly considered Appellant's apology, along with Appellant's family responsibilities and employment history, in addition to Complainant's credibility. The trial court then balanced those factors with Appellant's criminal history, history of

domestic violence, and the facts of the crimes, which included that these events occurred in the presence of Appellant's and Complainant's children. *See id.*; *see also* N.T., 6/29/21, at 36-37. On this record, we conclude that the trial court considered the relevant mitigating factors and aptly provided its rationale for Appellant's sentences. Additionally, we agree with the trial court that aside from Appellant's boilerplate allegation that the trial court failed to consider mitigation, Appellant has failed to establish that the sentences were unreasonable. Rather, we agree with the Commonwealth's conclusion that the crux of Appellant's argument is that the trial court did not weigh certain factors more heavily in Appellant's favor. *See* Commonwealth's Brief at 9. However, the trial court was not required to afford the mitigating factors as much weight as Appellant would have liked. *See Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Additionally, this Court will not "re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Id.*

Regarding Appellant's claim that the trial court "double counted" S.M.'s presence as a sentencing factor, the assertion is meritless. Generally, the trial court may not "double count" factors already considered by the Sentencing Guidelines. *Commonwealth v. Goggins*, 748 A.2d 721, 732 (Pa. Super. 2000). However, the court must consider both the particular circumstances of the offense and the defendant's character. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). Courts are permitted to use prior criminal history and factors included in the guidelines to supplement other

sentencing information. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006). Here, aside from a bald allegation, Appellant provides no argument or authority for his contention that the children's presence was "double counted" as a sentencing factor. As recited above, Appellant was charged with and pleaded guilty to separate crimes at separate dockets including where one of his children, S.M., was the victim of EWOC, and Complainant was the victim of terroristic threats. The trial court sentenced Appellant separately on these crimes and concluded that because Appellant made terroristic threats while S.M. was present and directed these threats to Complainant, who is S.M.'s mother, the child's presence was an aggravating factor on the terroristic threats count. ***See*** Trial Ct. Op., 9/27/21, at 5-6; ***see also*** N.T., 6/29/21, at 36-37. We conclude that there was no abuse of discretion in the trial court imposing an aggravated-range sentence for terroristic threats in addition to sentencing Appellant on the separate charge of EWOC. Appellant's claim of "double counting" is meritless.

For the reasons set forth above, Appellant is entitled to no relief. The record reflects that the trial court considered the Sentencing Guidelines, appropriate sentencing factors, circumstances of the crimes, and mitigating evidence. ***See*** N.T., 6/29/21, at 36-37. The trial court also ordered that Appellant's sentences were to be served concurrently. ***Id.*** at 40. Additionally, the trial court provided its considerations and rationale for the sentences, and it thoroughly explained its reasoning for imposing an aggravated-range sentence for terroristic threats. ***See id.*** at 36-40; ***see also*** Trial Ct. Op.,

9/27/21, at 5-6.  On this record, we conclude that there was no abuse of discretion in the sentences imposed.  ***See Caldwell***, 117 A.3d at 770. Accordingly, we affirm.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2022