J-A02012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICCO J. SEARS | : | |
| | : | |
| Appellant | : | No. 408 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 10, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005395-2020

BEFORE: BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                    **FILED: January 19, 2023**

Ricco J. Sears appeals from the March 10, 2022 judgment of sentence, which imposed an aggregate term of six to twelve months of imprisonment and a concurrent nine months of probation stemming from his convictions for driving while operating privilege is suspended or revoked (third offense), graded as a third-degree misdemeanor, and the summary offense of following too closely. Appellant argues that the sentencing statute pertaining to driving while operating privilege is suspended (third offense), 75 Pa.C.S. § 1543(b)(1)(iii), is unconstitutionally vague. Since the statute is not unconstitutionally vague, we affirm.

On March 11, 2020, the Wilkins Township Police responded to the scene of a two-vehicle accident. Appellant's vehicle had struck a vehicle that was on the back of a tow truck stopped at a red light on William Penn Highway. Appellant's license was suspended as a result of a prior conviction for driving

under the influence of alcohol or a controlled substance. He also had two prior convictions for driving while operating privilege is suspended or revoked. Accordingly, Wilkins Township Police arrested Appellant for driving while operating privilege is suspended or revoked (third offense) and following too closely.

On March 10, 2022, Appellant proceeded to a stipulated non-jury trial, at which he was convicted of both charges. Thereafter, the court imposed a term of not less than six months nor more than twelve months in jail, a concurrent nine months of probation, a $2,500 fine, and ordered Appellant to not operate a motor vehicle without a valid driver's license. No further penalty was imposed for the following too closely conviction. Appellant did not file a post-sentence motion but did submit the instant timely notice of appeal. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issue for our review: "Whether the absence of a maximum term renders the sentencing provision for driving under a suspended license under 75 Pa.C.S. § 1543(b)(1)(iii) unconstitutionally vague violating state and federal due process provisions?" Appellant's brief at 3.

On appeal, Appellant asserts that 75 Pa.C.S. § 1543(b)(1)(iii), a provision of the Motor Vehicle Code that addressed the grading, fine, and minimum term of imprisonment to be imposed following a third conviction for driving while operating privilege is suspended or revoked, is unconstitutionally vague. *See* Appellant's brief at 8. "Analysis of the constitutionality of a

statute is a question of law and, thus, our standard of review is *de novo*." **Commonwealth v. Proctor**, 156 A.3d 261, 268 (Pa. Super. 2017) (citation omitted). "Our scope of review, to the extent necessary to resolve the legal question before us, is plenary." **Id**. (brackets, ellipses, and citation omitted).

Section 1543(b)(1)(iii) provides, in pertinent part, as follows:

> (iii) A third or subsequent violation of this paragraph shall constitute a misdemeanor of the third degree and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $2,500 and to undergo imprisonment for not less than six months.

75 Pa.C.S. § 1543(B)(1)(iii).

Appellant argues that § 1543(b)(1)(iii) is unconstitutionally vague based on his interpretation of **Commonwealth v. Eid**, 249 A.3d 1030 (Pa. 2021). The trial court disagreed, finding that **Commonwealth v. Rollins**, 270 A.3d 1152 (Pa.Super. 2021) (non-precedential decision), *appeal granted*, 280 A.3d 861 (Pa. 2022), was directly on point and should control. We agree with the trial court.[1]

In **Eid**, the defendant was found guilty of the summary offense of driving while operating privilege is suspended by a person who refused a breath test.

---

[1] **See** Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value). We recognize that the Pennsylvania Supreme Court granted allowance of appeal in **Rollins**; however, for the reasons stated in the body of this memorandum, we are persuaded by the rationale expressed in **Rollins** until the High Court rules otherwise.

*See* 75 Pa.C.S. § 1543(b)(1.1)(i).[2] Our Supreme Court analyzed

§ 1543(b)(1.1)(i) and held that due to the "absence of a maximum term,"

§ 1543(b)(1.1)(i) was "unconstitutionally vague and inoperable[.]" *Eid*,

*supra* at 1044. The Court explained that it would not infer a maximum

sentence because doing so would force the court to "engage in sheer

speculation as to which sentence the General Assembly intended." *Id*. at

1043.

In *Rollins*, *supra*, a defendant challenged his incarceration sentence of

six to twelve months under § 1543(b)(1)(iii) on the grounds that, under *Eid*,

that subsection was also unconstitutionally vague. However, applying *Eid* to

§ 1543(b)(1)(iii), this Court affirmed the sentence in *Rollins* because the

Crimes Code expressly mandates a one-year maximum sentence for third-

degree misdemeanors. We reasoned as follows:

> Though the "not less than" language is identical in both
> Section 1543(b)(1.1)(i), which was at issue in *Eid*, and Section
> 1543(b)(1)(iii), they are distinguishable by way of grading.
> Section 1543(b)(1.1)(i) is graded as a summary offense while

---

[2] 75 Pa.C.S. § 1543(b)(1.1)(i) provides:

> A person who has an amount of alcohol by weight in his blood that
> is equal to or greater than .02% at the time of testing or who at
> the time of testing has in his blood any amount of a Schedule I or
> nonprescribed Schedule II or III controlled substance . . . or its
> metabolite or who refuses testing of blood or breath and who
> drives a motor vehicle on any highway or trafficway of this
> Commonwealth at a time when the person's operating privilege is
> suspended . . . shall, upon a first conviction, be guilty of a
> summary offense and shall be sentenced to pay a fine of $1,000
> and to undergo imprisonment for a period of not less than 90 days.

Section 1543(b)(1)(iii) is graded as a misdemeanor of the third degree. The grading is significant because 75 Pa.C.S. § 6502(c) provides that the Crimes Code's provisions regarding fines and imprisonment do not apply to summary convictions under the Vehicle Code. *See* 75 Pa.C.S. § 6502(c) ("Title 18 (relating to crimes and offenses), insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title").

No such provision exists for misdemeanors under the Vehicle Code. As a result, the sentencing provisions of the Crimes Code apply. Rollins was found guilty of a misdemeanor of the third degree, and relevant provisions of the Crimes Code provide a maximum sentence of one year. *See* 75 Pa.C.S. § 1543(b)(1)(iii); 18 Pa.C.S. § 106(b)(8) ("A crime is a misdemeanor of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year."). Therefore, Section 1543(b)(1)(iii) is not unconstitutionally vague, pursuant to **Eid**.

*Id*. (non-precedential decision at *2); **see also** 18 Pa.C.S. § 1104(3) ("A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than one year in the case of a misdemeanor of the third degree."). Thus, the **Rollins** court distinguished **Eid** by differentiating between statutes criminalizing summary offenses, which have no statutory maximum, from those punishing misdemeanor crimes, which do have maximum sentences set by statute. **Id**. Since § 1543(b)(1)(iii) is graded as a third-degree misdemeanor, the **Rollins** Court determined that it was not unconstitutionally vague. **Id**.

Here, like the defendant in **Rollins**, Appellant was also convicted of violating § 1543(b)(1)(iii) and, on appeal, seeks to challenge the

constitutionality of the statute based on the same principles articulated by our Supreme Court in *Eid*. *See* Appellant's brief at 8. The language of § 1543(b)(1)(iii) classifies a third violation of driving while operating privilege is suspended or revoked as a third-degree misdemeanor and contemplates imprisonment for not less than six months. While the Motor Vehicle Code does not specify a maximum sentence, for the reasons expressed in *Rollins*, we read the Crimes Code's one-year maximum for a third-degree misdemeanor in conjunction with § 1543(b)(1)(iii). *See Rollins*, *supra* (non-precedential decision at \*2); *see also* 18 Pa.C.S. § 106(b)(8) (setting the maximum sentence for a third-degree misdemeanor at one year.). Phased differently, unlike the situation in *Eid*, where the High Court declined to engage in speculation to infer a maximum term of imprisonment for a summary offense, in the case at bar, the one-year maximum for a third-degree misdemeanor is mandated by the Crimes Code. Thus, we continue to hold that § 1543(b)(1)(iii) is not unconstitutionally vague. *Id*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/19/2023

- 6 -